In the

# United States Court of Appeals
## For the Seventh Circuit

No. 01-4263

ROGER G. GALBRAITH,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 01-C-4012—**J. Phil Gilbert**, *Judge.*

ARGUED SEPTEMBER 9, 2002—DECIDED DECEMBER 19, 2002

Before CUDAHY, EASTERBROOK, and KANNE, *Circuit Judges.*

CUDAHY, *Circuit Judge.* In this successive appeal, Roger Galbraith argues that his unconditional guilty plea to certain methamphetamine charges was unknowing, involuntary and unintelligent, and was the product of constitutionally ineffective assistance of counsel. In an earlier determination, Galbraith's motion to suppress evidence obtained as a result of a warrantless search was denied. Subsequently, Galbraith submitted an unconditional guilty plea to both charges on the day his jury trial was to commence. On appeal, his attempt to seek review of the denial of his motion to suppress evidence was denied as waived by the unconditional guilty plea. In the present

action, Galbraith petitions for relief under 28 U.S.C. § 2255, seeking to set aside his guilty plea as the product of the court's failure to ensure his full understanding of the waiver of his appellate rights and of the ineffective assistance of counsel to do the same. The district court denied his petition. We affirm.

I.

On November 24, 1997, Roger Galbraith, and his now-deceased wife, were arrested by Drug Enforcement Agency ("DEA") agents for the manufacture of methamphetamine based on evidence discovered during a warrantless search of Galbraith's premises in the weeks before. *United States v. Galbraith*, 200 F.3d 1006, 1009 (7th Cir. 2000) ("*Galbraith I*"). The detailed facts surrounding this search are adequately outlined in Galbraith's previous appeal to this court. *Id.* In April 1998, Galbraith moved to suppress the evidence gathered during that search, along with any statements made by Galbraith as a consequence of the search, as the products of an illegal search in violation of his Fourth Amendment rights. On April 16, 1998, the district court, after a hearing on the motion, denied Galbraith's motion to suppress. A grand jury returned a two-count indictment against Galbraith on April 23: Count 1 alleged conspiracy to distribute and possession with intent to distribute methamphetamine under 21 U.S.C. §§ 841(a), 846; count 2 alleged conspiracy to manufacture methamphetamine under the same provisions.

Galbraith's case initially went to a jury trial on October 29, 1998. On November 2, 1998, eleven jury members had already been selected and the court was ready to begin taking testimony when Galbraith entered a change of plea, and pleaded guilty, unconditionally, to both count one and count two of the indictment. The plea was spontaneously undertaken by Galbraith without any prior ne-

gotiation with the prosecutors. *See Change of Plea Transcript* at 10 (Asst. U.S. Attorney Moore noting, "I wasn't expecting this plea at all this morning . . . ."). As required under Federal Rule of Criminal Procedure 11, the district court, before accepting Galbraith's plea, engaged in an on-the-record colloquy concerning Galbraith's plea. The court ensured that Galbraith understood the nature of the charges against him (*Change of Plea Transcript* at 5-6); the maximum penalties possible under those charges (*id.* at 6-7); the applicability and possible variations of the Federal Sentencing Guidelines (*id.* at 9-12). *See* Fed. R. Crim. P. 11(c)(1). The district court also insured his understanding of his right to persist in a not guilty plea (*Change of Plea Transcript* at 8); his right to a jury trial (*id.*); his right to the assistance of his lawyer at a trial (*id.*); and his right against self-incrimination (*id.*). *See* Fed. R. Crim. P. 11(c)(3). Additionally, the court inquired into the factual basis for the charges supporting the plea (*Change of Plea Transcript* at 12-14). *See* Fed. R. Crim. P. 11(f). Finally, the court made certain that Galbraith's plea was voluntary and not the result of incapacity, force, threats or promises (*Change of Plea Transcript* at 15). *See* Fed. R. Crim. P. 11(d). The court did not, however, make certain that Galbraith understood that his unconditional plea waived the right to appeal the denial of his motion to suppress. *See United States v. Adams*, 125 F.3d 586, 588 (7th Cir. 1997) (noting that an unconditional plea is "a waiver of non-jurisdictional defects occurring prior to the plea," including Fourth Amendment claims).

Galbraith was sentenced on March 3, 1999, to 151 months in prison. In his direct appeal, in addition to appealing certain aspects of his sentence, Galbraith appealed the denial of his motion to suppress. Arguing strictly on the merits, Galbraith contended that the DEA's search had been in violation of his Fourth Amendment rights, and the

district court's denial of his motion to suppress was in error. This court affirmed the district court in all respects. *Galbraith I*, 200 F.3d at 1010. The merits of Galbraith's appeal of his motion to suppress were never considered because he had waived his right to appeal by entering an unconditional plea in the district court. *Id.*

On January 9, 2001, Galbraith filed a petition for relief pursuant to 28 U.S.C. § 2255, arguing that (1) his guilty plea was not knowing and voluntary (based on a lack of awareness of the elements of his offense, a lack of awareness of the direct consequences of his plea and ineffective assistance of counsel in his guilty plea), (2) his counsel rendered ineffective assistance in his sentencing and (3) the statutes under which he was convicted were unconstitutional. The district court denied Galbraith's petition in all respects. The court held that the record belied any lack of voluntariness or knowledge as related to the elements of his offense. As to ineffective assistance of counsel rendering him ignorant of the consequences of his plea, the court found that Galbraith had presented no objective evidence that his trial counsel's performance fell below objectively reasonable standards of effective representation nor that this alleged ineffectiveness prejudiced Galbraith's defense. *See Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). All it had, the district court noted, was Galbraith's own "self-serving statement" that his trial counsel was ineffective. *Galbraith v. United States*, Memorandum at 8, No. 01-cv-4012-JPG (S.D. Ill. Nov. 14, 2001) ("Mem. Op."). Galbraith's claim of ineffective counsel at sentencing and his claim of unconstitutionality of the statutes of conviction were both procedurally defaulted by his not having raised them on direct appeal, and Galbraith failed to show cause and prejudice. Therefore the district court did not consider the merits of those claims. Mem. Op. at 10-11.

A certificate of appealability was granted by the district court with respect to the argument that Galbraith's guilty plea was not knowing and voluntary because he was not aware of the consequences of his plea and because his trial counsel rendered ineffective assistance in not informing him of the consequences of his plea, in violation of Galbraith's Fifth Amendment rights. This appeal followed.

## II.

### A.

A district court's decision to deny a petition under § 2255 is reviewed for clear error in factual matters and de novo as to issues of law. *Tezak v. United States*, 256 F.3d 702, 712 (7th Cir. 2001).

Due process requires that a guilty plea, to be valid, be made voluntarily, intelligently and knowingly. *Brady v. United States*, 397 U.S. 742, 747 (1970); *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993). A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea. *United States v. Jordan*, 870 F.2d 1310, 1317 (7th Cir. 1989) (citing *Brady*, 397 U.S. at 755). A plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel. *Id.*

Galbraith's due process claim appears to have two main points: First, that his plea was involuntary because he did not know that his unconditional plea waived the right to challenge the denial of his motion to suppress (a "direct consequences" argument). This is simply an attack on the Rule 11 colloquy between the district court and Galbraith that was held when Galbraith entered his guilty plea. Second, Galbraith claims that his plea was

not knowing and intelligent because the failure of his trial counsel to inform him of the consequences of his plea rendered counsel's assistance constitutionally ineffective.[1]

### B.

The government argues that Galbraith has procedurally defaulted these arguments because they were not raised on direct appeal. When an issue is not raised on direct appeal, but later attacked collaterally via a petition for post-conviction relief, the petitioner will be barred from collateral review unless he can show good cause for failing to raise the issue and actual prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). Additionally, a showing that a refusal to consider the issue would be a "fundamental miscarriage of justice" can overcome the default. *Prewitt*, 83 F.3d at 816. As will be shown, Galbraith has defaulted his "direct consequences" claim, but not his ineffective assistance of counsel claim.

First, we consider whether Galbraith has defaulted his "direct consequences" claim—that the district court failed to ensure his understanding of his plea's unconditional waiver effect—by not raising it on direct appeal in *Galbraith I*. After his unconditional guilty plea, Galbraith

---

[1] This quasi-Sixth Amendment argument is characterized as merely an additional component of the Fifth Amendment analysis because the "intelligent" element of satisfying due process is defined as requiring advice by effective counsel. *Jordan*, 870 F.2d at 1318 (describing petitioner's Sixth Amendment claim as "subsumed" by the Fifth Amendment analysis). As this court's prior decisions make clear, the standard for proving ineffective counsel is, in both circumstances, the deficient performance-plus-actual prejudice test that originated in *Strickland*. *See, e.g.*, *United States v. George*, 869 F.2d 333, 336 (7th Cir. 1989).

appealed to this court, challenging, *inter alia,* the district court's denial of his motion to suppress evidence. *Galbraith I*, 200 F.3d 1006. At the time of the *Galbraith I* appeal, Galbraith made clear in his briefs to this court that he understood that he had entered an unconditional plea and that the effect of such a plea was to waive the right to appeal the denial of the motion to suppress evidence. *See Galbraith I*, No. 99-1676, Reply Br. at 2 ("Mr. Galbraith concedes that he entered an unconditional plea of guilty . . . . and that Seventh Circuit precedent holds that ordinarily such a plea waives all antecedent nonjurisdictional issues."). Nonetheless, Galbraith pressed forward with his appeal, on the merits alone, of the denial of the motion to suppress evidence. Any alleged defects in his guilty plea (not originating in the alleged ineffective assistance of counsel, described *infra*) were squarely before him and properly appealable during Galbraith's first journey through this court. Yet in his direct appeal in *Galbraith I*, Galbraith raised no argument that the court's failure to explain the guilty plea's effect of waiving his right to appeal the motion to dismiss made the plea defective, and Galbraith made no attempt to withdraw the plea or have it vacated as involuntarily given. By not raising any alleged defect in his guilty plea's voluntariness on direct appeal, Galbraith has procedurally defaulted such a claim.

Because Galbraith's "direct consequences" argument concerning his guilty plea's voluntariness is procedurally defaulted, Galbraith, to obtain review, must show cause why the issue was not raised. However, Galbraith offers no such cause for his procedural default of this issue. The ineffective assistance of counsel claim, discussed *infra*, concerns only his trial counsel, and that counsel's alleged ineffectiveness during the taking of the guilty plea. Galbraith's attorney on direct appeal in *Galbraith I* was new counsel, and Galbraith makes no argument that

that counsel was ineffective in not raising the deficient guilty plea claim on direct appeal.[2] Therefore, Galbraith's failure during his direct appeal to raise his claim that the district court did not adequately inform him of the consequences of his guilty plea stands unexplained, and is, therefore, barred from collateral attack by this petition.

Next, we must consider whether Galbraith has procedurally defaulted his claim that he had ineffective assistance of counsel before or during the guilty plea hearing. Ineffective counsel claims that are not raised on direct appeal are subject to the same procedural default rules as other issues. *Guinan v. United States*, 6 F.3d 468, 471 (7th Cir. 1993).[3] Despite that, this court has noted that it is generally proper to raise arguments of ineffective assistance of counsel for the first time on collateral review in a § 2255 petition because such claims usually, as here, involve evidence outside the record. *McCleese v. United States*, 75 F.3d 1174, 1178 (7th Cir. 1996). A reviewing court on direct appeal is limited to the record of trial and cannot consider any extrinsic evidence that may be necessary to support the ineffective counsel claim. *Id.*; *United States v. Gilliam*, 255 F.3d 428, 437 (7th Cir. 2001) (noting

---

[2] Galbraith's counsel in the present case is the same as he had on direct appeal in *Galbraith I*, a circumstance that may further bely any notion that Galbraith is impliedly alleging ineffective assistance of counsel at the appellate level in his direct appeal in *Galbraith I*.

[3] The question of whether a claim of ineffective assistance of counsel is defaulted if not raised on direct appeal is, at the time of the filing of this opinion, currently before the Supreme Court. *Massaro v. United States*, 27 Fed. Appx. 26 (2d Cir. 2001), *cert. granted*, 123 S. Ct. 31 (2002). However, because we find that any procedural default by Galbraith has been overcome, the possible invalidity of the underlying rule is irrelevant to the disposition of the present case.

that limitation to the record on direct appeal "almost invariably dooms" ineffective counsel claims) (quotation omitted). Because Galbraith's ineffective counsel claim argues that his trial lawyer failed to inform him of the effects of his unconditional plea, an evidentiary matter not in the record, there was no opportunity for adequate review on direct appeal. Consequently, whatever default there may have been is easily overcome, because the evidence that Galbraith alleges to support his petition is extrinsic to the record that was available on direct appeal and provides the cause and prejudice necessary to sustain Galbraith's claim. Galbraith's claim of ineffective assistance of counsel is properly raised for the first time in this petition.

C.

Because Galbraith has not defaulted his ineffective assistance of counsel claim, we must next consider the merits of his claim that the district court improperly denied his petition. Galbraith alleges that he was prevented from making an intelligent plea by his trial counsel's ineffective assistance, that is, counsel's failure to tell Galbraith that his unconditional plea waived the right to appeal the denial of the motion to suppress. In order to make a claim of ineffective assistance of counsel, Galbraith must show that his trial counsel's performance was objectively deficient, and that the deficient representation caused prejudice to him. *Strickland*, 466 U.S. at 688; *Tezak*, 256 F.3d at 712. Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, Galbraith would not have pleaded guilty. *Tezak*, 256 F.3d at 712; *Jordan*, 870 F.2d at 1318. However, this analysis takes place in the context of the presumption that an attorney's conduct is reasonably proficient. *United States v. Godwin*, 202 F.3d 969, 973 (7th Cir.

2000) (noting "the general presumption that [the attorney's] conduct falls within the wide range of reasonable professional assistance").

Galbraith claims that his trial counsel failed to make clear to him that his unconditional plea waived for all time his power to challenge the denial of his motion to suppress. Galbraith claims that he pleaded guilty simply to expedite matters, to avoid a trial and to get appellate review of what he believed was a clearly dispositive issue (the constitutionality of the search). Galbraith argues that the failure of his counsel to effectively advise him resulted in a guilty plea into which he otherwise would never have entered. However, Galbraith provided the district court with no evidence whatsoever to support his allegations of counsel's deficient performance, save his naked assertions. Even if we were to decide that failure to inform a client that there were no exceptions to his guilty plea's waiver of an appeal was constitutionally deficient lawyering,[4] Galbraith presents no scintilla of evi-

---

[4] Let us be clear, however, that we do not reach such a determination here because it is not necessary to the disposition of this case. Nor do we take at face value Galbraith's assertions of prejudice. Yet we do note that this court and the Supreme Court have been hesitant to find ineffective counsel in situations short of conspicuous failings. Mistakes in an attorney's advice to a client do not constitute, per se, ineffective counsel. *See, e.g.*, *United States v. Teller*, 762 F.2d 569, 577 (7th Cir. 1985) (finding minimum competence despite defendant's guilty plea in response to attorney's mistaken advice that acquittal by reason of insanity would still result in "spend[ing] the rest of your life in an insane asylum"). Nor, generally, do tactical omissions. *Bell v. Cone*, 535 U.S. 685, 122 S.Ct 1843, 1852-53 (2002) (affirming competent counsel when counsel did not adduce mitigating evidence and waived closing arguments during sentencing hearing involving potential death sentence). Therefore, there is a
(continued...)

dence of the alleged omission of his lawyer. And lest it sound like a formidable task (to prove his lawyer's nonfeasance), we note that the sort of evidence usually employed in such cases begins with sworn affidavits attesting to the petitioner's allegations. *See Duarte v. United States*, 81 F.3d 75, 76 (7th Cir. 1996) (evaluating § 2255 petition's claims of ineffective counsel based on petitioner's sworn affidavit); *Daniels v. United States*, 54 F.3d 290, 293 (7th Cir. 1995) (granting evidentiary hearing on § 2255 petition based on conflicting evidence contained in sworn affidavits of petitioner and his former attorney). Galbraith presents no affidavit from himself or his trial counsel supporting his version of his attorney's conduct, nor any other available, probative evidence that would effectively support Galbraith's claim. Without any such evidence, there is no clear error in the district court's denial. *See Jordan*, 870 F.2d at 1318 (finding no ineffectiveness of counsel when petition is not supported by any evidence of attorney's failure to advise client other than petitioner's "bare allegations").

Galbraith acknowledges, ultimately, the lack of evidentiary support for his allegations of attorney nonfeasance. As an alternative to his request for vacating the plea, he requests that we remand to the district court for an evidentiary hearing to secure the evidence that he is missing. The reason he lacks the necessary evidence to support his claims, Galbraith argues, is because the only person who can provide that evidence, his trial counsel, is not cooperating. Trial counsel, according to Galbraith, had a falling out with Galbraith and his family after having "previously destroyed favorable evidence." Pet. Br. at 14. According

---

[4] (...continued)
high hurdle to clear in showing that an omission, not reflecting intent to prevaricate, would rise to the level of constitutionally ineffective counsel.

to Galbraith, the only way to force trial counsel to admit his omission is to put him on the stand and force him to answer questions under oath. This argument fails as well.

This court reviews a district court's decision not to grant an evidentiary hearing for abuse of discretion. *Prewitt*, 83 F.3d at 820. There is no requirement that the district court grant an evidentiary hearing for every § 2255 petition alleging factual improprieties. *Id.* at 819; *Aleman v. United States*, 878 F.2d 1009, 1012 (7th Cir. 1989). As this court has noted before, "'[i]t is the rule of this [c]ourt that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions.'" *Prewitt*, 83 F.3d at 819 (quoting *Barry v. United States*, 528 F.2d 1094, 1101 (7th Cir. 1976)). Galbraith presented no detailed and specific affidavit, merely bare allegations. And, therefore, he cannot meet the threshold requirement for securing an evidentiary hearing.

Galbraith's reliance on *Stoia v. United States*, 22 F.3d 766 (7th Cir. 1994), is misplaced. While he is correct that this court requires a district court to grant an evidentiary hearing if a § 2255 petitioner "alleges facts that, if proven, would entitle him to relief," *id.* at 768, the threshold determination that the petitioner has sufficiently alleged such facts requires the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions. *Prewitt*, 83 F.3d at 819. The cases Galbraith cites supporting his argument are all distinguishable on this ground—factual allegations must be supported by an affidavit before we will require the additional step of an evidentiary hearing. *Stoia*, 22 F.3d at 768 (requiring evidentiary hearing for petition supported by affidavits); *Prewitt*, 83 F.3d at 819 (denying evidentiary hearing for lack of affidavits).

While we understand Galbraith's concern, his former trial counsel was not the only source of affidavits. Galbraith himself might have submitted a sworn affidavit recounting the facts of his plea hearing and surrounding events. Galbraith's new counsel on direct appeal might have submitted an affidavit attesting to Galbraith's statements about his trial counsel's performance (such an affidavit might have been hearsay as to trial counsel's alleged omissions, but would have provided some corroboration of Galbraith's allegations). Whatever the source, a sworn affidavit with specific details that showed Galbraith had actual proof of the conduct alleged was required as a predicate to securing an evidentiary hearing. *Aleman*, 878 F.2d at 1012 ("Mere unsupported allegations cannot support a petitioner's request for a hearing."). Galbraith's assertions at oral argument that such an affidavit would have made no difference in the district court's ultimate decision is speculation and does not obviate the need for affidavit support.

### III.

The district court's denial of Galbraith's § 2255 petition is AFFIRMED.

A true Copy:

       Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—12-19-02