**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2005
Decided December 20, 2005

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-2276

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division |
| *v.* | |
| | No. 04 CR 44 |
| DAMIEN MUNOZ,<br>    *Defendant-Appellant.* | Joan B. Gottschall,<br>*Judge.* |

### O R D E R

Damien Munoz pleaded guilty to one count of possession with intent to distribute 500 or more grams of cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced to a 92-month term of imprisonment and four years' supervised release. Munoz's appellate counsel now seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967), because he cannot discern a nonfrivolous basis for appeal. Munoz has not responded to our notice under Circuit Rule 51(b); we therefore limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997). We agree with counsel that an appeal premised on those potential issues would be frivolous.

Counsel, who did not represent Munoz in the district court, advises that Munoz wishes to have his guilty plea set aside so that he may challenge the legality of the traffic stop and search of his car that led to the discovery of the cocaine. Counsel accordingly considers arguing that Munoz's plea was not knowing and voluntary because the plea colloquy conducted pursuant to Federal Rule of Criminal Procedure 11 was inadequate. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir. 2002) (explaining that attorney presenting *Anders* submission should not even explore possible Rule 11 claim unless defendant wants plea set aside). Munoz, however, did not move to withdraw his guilty plea in the district court, and so we would review the court's compliance with Rule 11 only for plain error. *See United States v. Vonn,* 535 U.S. 55, 59 (2002); *United States v. Gibson,* 356 F.3d 761, 765-66 (7th Cir. 2004).

Like counsel, we conclude that any argument about the plea colloquy would be frivolous. First, counsel notes that the district court did not specifically advise Munoz that if he elected to go to trial he would have the right to confront the witnesses against him. *See* Fed. R. Crim. P. 11(b)(1)(E). But Munoz was aware of this right because he acknowledged it in his plea agreement, *see United States v. Driver,* 242 F.3d 767, 769 (7th Cir. 2001) (noting that Rule 11 omission is harmless when information has been conveyed to defendant in plea agreement), and the district court generally explained what would occur at trial, including the opportunity to question and cross-examine government witnesses. Second, counsel points out that the district court failed to remind Munoz explicitly that he was waiving his trial rights by pleading guilty. *See* Fed. R. Crim. P. 11(b)(1)(F). But the judge explained that if Munoz chose to persist with his plea of not guilty he could go to trial, *see United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003) (holding that failure to tell defendant that guilty plea would waive right to trial was harmless where district court explained right to trial in great detail), and, regardless, here again Munoz acknowledged in his plea agreement that he would waive his trial rights by pleading guilty, *see Driver*, 242 F.3d at 769; *United States v. Gilliam*, 255 F.3d 428, 433 (7th Cir. 2001). And third, although the district court failed to explain to Munoz that any false answers he gave during the colloquy could subject him to prosecution for perjury, *see* Fed. R. Crim. P. 11(b)(1)(A), the omission could not have been plain error because there is no suggestion that Munoz is subject to any current or prospective prosecution for perjury. *See United States v. Graves,* 98 F.3d 258, 259 (7th Cir. 1996).

Counsel also considers arguing that Munoz's guilty plea was not knowing and voluntary because trial counsel's failure to move to suppress the cocaine as a product of an illegal stop and search rendered the lawyer's assistance constitutionally ineffective. A lawyer's failure to seek suppression of critical evidence may constitute deficient performance, *see United States v. Stewart*, 388 F.3d 1079, 1083-84 (7th Cir. 2004), but only if the motion would have been successful, *see United States v.*

*Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005); *Owens v. United States,* 387 F.3d 607, 610 (7th Cir. 2004). On direct appeal, of course, we cannot consider evidence outside the record in evaluating a claim for ineffective assistance, *Galbraith v. United States*, 313 F.3d 1001, 1007-08 (7th Cir. 2002), and in this case the facts surrounding the stop and search have not been developed sufficiently to permit us to consider whether Munoz had any meritorious basis for seeking suppression. Thus, at least at the present time any argument about the lawyer's performance would be premature.

Counsel next contemplates whether Munoz could construct a nonfrivolous challenge to his 92-month prison term. Counsel correctly notes that the term is neither in excess of the 40-year statutory maximum applicable to offenses involving at least 500 grams of cocaine, s*ee* 21 U.S.C. § 841(b)(1)(B)(ii), or based on an incorrect calculation of the sentencing guidelines. Counsel, then, is left to flag as a potential issue the reasonableness of the 92-month term the court imposed. *See United States v. Booker,* 543 U.S. 220 (2005). That term, which the district court selected after acknowledging the advisory nature of the guidelines and considering the factors listed in 18 U.S.C. § 3553(a), is within the advisory range and presumed to be reasonable. *See United States v. Mykytiuk,* 415 F.3d 606, 608 (7th Cir. 2005). The court, moreover, evaluated and explicitly addressed Munoz's principal argument that he deserved a lower sentence because his criminal history category is overstated, *see* U.S.S.G. § 4A.1(b); *see also United States v. Cunningham*, No. 05-1774, 2005 WL 3029083 (7th Cir. Nov. 14, 2005) (remanding for resentencing where court failed to address defendant's principal argument for lower sentence), and it would be frivolous for Munoz to argue that his sentence is unreasonable simply because the court did not agree with his position, *see Cunningham*, 2005 WL 3029083, at *5 ("If the judge could, without abusing his discretion, have ruled in the defendant's favor, the defendant is entitled to insist that the judge exercise discretion, though he cannot complaint if the exercise goes against him."); *United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005) (per curiam) (explaining that sentencing court could but would not be *required* to impose sentence below guideline range based on differential between guideline range for crack and powder cocaine). Counsel is unable to perceive any other reason why the term imposed might be unreasonable, and so we agree with him that an argument about the length of his prison term would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.