**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted October 26, 2006
Decided October 30, 2006

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1424

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> CARSON J. JONES, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 05-CR-130 <br><br> Rudolph T. Randa, <br> *Chief Judge.* |

**O R D E R**

Carson Jones pleaded guilty to possessing a firearm and ammunition as a felon, *see* 18 U.S.C. § 922(g)(1), and possessing crack cocaine with intent to distribute, *see* 21 U.S.C. § 841(a)(1).  As part of his plea agreement, Jones waived the right to appeal his sentence except to the extent that it exceeded the statutory maximum, was based upon an unconstitutional factor, or resulted from constitutionally deficient performance by trial counsel.  Jones later sought to withdraw his guilty pleas in order to revive a motion to suppress that he abandoned as part of his plea agreement.  The district court declined to permit withdrawal and sentenced Jones to a total of 70 months' imprisonment and four years' supervised release.  Jones filed a notice of appeal, but his appointed lawyer has moved to withdraw because she cannot discern a nonfrivolous argument for appeal.  *See Anders v. California,* 386 U.S. 738 (1967).  Jones has not responded to counsel's

motion.  *See* Cir. R. 51(b).  Counsel's brief is facially adequate, and so we review only the potential arguments that she has identified.  *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel first considers whether Jones might challenge the voluntariness of his guilty pleas.  But counsel informs us that Jones does not wish to take back his pleas, and we have held that a lawyer making an *Anders* submission should not even explore questions about a guilty plea unless the defendant wants the plea set aside.  *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002).  And though counsel represents that Jones does want to argue the merits of his suppression motion, Jones entered into an unconditional plea and thus waived his opportunity to do so.  *See Galbraith v. United States*, 313 F.3d 1001, 1005 (7th Cir. 2002).

Counsel also correctly notes that any possible challenge to Jones' sentence would be rendered frivolous by the waiver of appeal included in his plea agreement.  *See United States v. Whitlow*, 287 F.3d 638, 640 (7th Cir. 2002) (noting that waiver of appeal "stands or falls" with the plea).  Because Jones wants to keep the benefit of the government's concessions, any attempt to escape the appeal waiver would be frivolous.  *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005).

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.