In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-3034

SAIDI KAFO,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 05 C 701—**Amy J. St. Eve**, *Judge.*

---

ARGUED SEPTEMBER 11, 2006—DECIDED NOVEMBER 3, 2006

---

Before RIPPLE, KANNE and WILLIAMS, *Circuit Judges*.

RIPPLE, *Circuit Judge.* Saidi Kafo appeals the denial of a motion brought pursuant to 28 U.S.C. § 2255. The district court denied the motion without an evidentiary hearing and further denied a certificate of appealability. On October 25, 2005, we granted a certificate of appealability on the issue of "whether [] counsel was ineffective for failing to file an

appeal."[1] *Kafo v. United States*, No. 05-3034 (7th Cir. Oct. 25, 2005) (unpublished order). We further instructed the parties to address whether Mr. Kafo had presented enough evidence on this issue to warrant an evidentiary hearing.[2] We conclude that the amended motion submitted by Mr. Kafo was insufficient because it was not submitted under oath or accompanied by an affidavit. Following the course recommended by the Advisory Committee Notes to the *Rules Governing Section 2255 Proceedings for the United States District Courts*, we vacate the decision of the district court and remand the case with instructions that the court give the petitioner an opportunity to file such a verified pleading or affidavit.

# I

# BACKGROUND

## A.  Facts

In November 2003, Mr. Kafo pleaded guilty to three counts of uttering a forged document. Subsequently, the district court sentenced him to 48 months' imprisonment. He did not file a direct appeal. Soon thereafter, however, Mr. Kafo

---

[1] Section 2253(c)(2) of Title 28 authorizes this court to grant a certificate of appealability upon a "substantial showing of the denial of a constitutional right."

[2] We have held that, when a certificate of appealability is granted on a constitutional issue, the court also may address issues necessary to a just resolution of that constitutional issue. *See, e.g.*, *Owens v. Boyd*, 235 F.3d 356, 358 (7th Cir. 2001) ("If the prisoner's underlying constitutional objection to his conviction is itself substantial, then the district court may issue a certificate on *that* issue . . . and append the statutory ground as an antecedent issue to be resolved on appeal if it, too, is substantial.").

did file a § 2255 motion. In the original version of that motion, he conceded that he had filed no direct appeal, but contended that he had asked his attorney to do so. His principal ground for relief was his contention that *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), required that certain facts found in calculating his sentence should have been submitted to the jury.[3] The Government responded that *Blakely* and *Booker* have been held not to apply retroactively and that Mr. Kafo's conviction became final before the Supreme Court rendered these decisions.

Mr. Kafo later moved to amend his § 2255 motion. In this amendment, he expanded on his earlier statement that, despite his request, his attorney had failed to file a direct appeal. Neither Mr. Kafo's original motion nor his amendment was signed under penalty of perjury as required by Rule 2(b)(5) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Neither document was submitted on the forms appended to the Rules or provided by local rule. *See* Rule 2(c) (requiring the motion to "substantially follow" one of the above forms).

In responding to Mr. Kafo's amended motion, the Government addressed his claims on the merits.[4] The Government noted that Mr. Kafo had submitted no evidence in support

---

[3] Mr. Kafo's brief largely cites *Blakely v. Washington*, 542 U.S. 296 (2004), and mentions *United States v. Booker*, 543 U.S. 220 (2005), in passing. We, like the district court, consider his argument to be raising a *Booker* claim, as he was convicted in a federal court and sentenced in accordance with the federal sentencing guidelines.

[4] The Government also argued one potential procedural bar: that the amendment should not be allowed because it did not "relate back." The district court disagreed. R.13 at 1-2. This matter is not before us on appeal.

of his ineffective assistance claim and contended that, "even if [the district court] were to consider defendant's [] motion, defendant should be required to submit affidavits or other evidence in order to present a colorable claim." R.11 at 4.

After receiving the Government's response, the district court granted Mr. Kafo's motion to amend his petition, but then denied, without a hearing, any further relief.[5] In denying relief, the district court construed broadly the pleadings of Mr. Kafo, a pro se litigant, and examined both the *Booker* and ineffective assistance claims. The court first determined that the *Booker* claim was not meritorious under *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005).[6] Turning to the ineffective assistance of counsel claim, the court noted that a failure to take an appeal despite a defendant's request is ineffective assistance per se in this circuit.

---

[5]  *Cf. Bruce v. United States*, 256 F.3d 592, 596 (7th Cir. 2001) (describing proceedings in which the district court instructed a pro se petitioner to supplement his motion with additional facts before determining whether the threshold standard for an evidentiary hearing had been satisfied).

[6]  *Booker*, 543 U.S. 220, held that when the resolution of factual disputes could increase the maximum punishment under the then-mandatory sentencing guidelines, the Sixth Amendment required those disputes be resolved by a jury, *id.* at 243-44; to render the guidelines consistent with this holding, the Court excised the provisions that declared the guidelines to be mandatory, *id.* at 258.

This court later held in *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), that *Booker* was a procedural decision, and thus did not create a new rule of law to be applied retroactively on collateral review of criminal convictions. *Id.* at 481. *McReynolds* therefore limited *Booker* to cases not yet made final on direct review on *Booker*'s release date of January 12, 2005. *Id.*

*See Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994).[7] The court went on to note, however, that the essential inquiry in determining the viability of a *Castellanos* claim is whether the defendant comes forth with evidence that he had expressed his desire to appeal. R.13 at 4 (relying on *Roe v. Flores-Ortega*, 528 U.S. 470, 485 (2000), which stated that evidence "that the defendant in question promptly expressed a desire to appeal will often be highly relevant" to a determination of ineffectiveness); *see also Castellanos*, 26 F.3d at 719 ("[The defendant's] 'request' [for an appeal] is an important ingredient in this formula."). The court found no evidence in the record to support the claim, and further noted that the allegations in the motion were not made under oath. Characterizing Mr. Kafo's allegations as "unsubstantiated," R.13 at 5, the motion was denied without an evidentiary hearing.

---

[7]   In *Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994), we held that, when a defendant's request for an appeal is disregarded, the constitutional violation is established. The defendant need not demonstrate that the prejudice prong of *Strickland v. Washington*, 466 U.S. 668 (1964), is satisfied. We remanded those cases, consolidated in *Castellanos*, in which the district courts had denied relief on the basis of the defendants' failure to establish prejudice, and noted the appropriate outcome:

> We vacate the judgments of the district court and remand so that the courts may determine whether [the defendants] timely told their lawyers that they wanted appellate review. If the answer is yes, then the court should enter an order providing the appropriate relief for the ineffective assistance: the defendant receives the right to an appellate proceeding, as if on direct appeal, with the assistance of counsel. *Page v. United States*, 884 F.2d 300 (7th Cir. 1987).

*Castellanos*, 26 F.3d at 720.

## II

## DISCUSSION

We review the district court's decision to deny an evidentiary hearing for an abuse of discretion. *Bruce v. United States*, 256 F.3d 592, 597 (7th Cir. 2001). The governing statute, 28 U.S.C. § 2255, provides, in pertinent part:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, *grant a prompt hearing thereon*, determine the issues and make findings of fact and conclusions of law with respect thereto.

(emphasis added). We have interpreted this provision as not requiring an evidentiary hearing when a petitioner's allegations are "vague, conclusory, or palpably incredible rather than detailed and specific." *Bruce*, 256 F.3d at 597 (internal citations and quotation marks omitted). Conversely, we have held that a district court *must* grant an evidentiary hearing when the petitioner "alleges facts that, if proven, would entitle him to relief." *Id.* (internal citations and quotation marks omitted). Mr. Kafo relies upon this latter language in *Bruce* and claims that the denial of a hearing was error.

We cannot accept Mr. Kafo's argument. As he admits, we also have stated that "[i]t is the rule of this Court that in order for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner had actual proof of the allegations going beyond mere unsupported assertions." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). We have referred to the affidavit as a threshold requirement; its absence precludes the necessity of a hearing. *Galbraith v.*

*United States*, 313 F.3d 1001, 1009 (7th Cir. 2002). Specifically, in *Galbraith*, we said that:

> While [the petitioner] is correct that this court requires a district court to grant an evidentiary hearing if a § 2255 petitioner *alleges* facts that, if proven would entitle him to relief, the threshold determination that the petitioner *has sufficiently alleged* such facts requires the petitioner to submit a sworn affidavit showing what specific facts support the petitioner's assertions.

*Id.* (emphasis added) (internal citations and quotation marks omitted).

Our insistence that a petition under 28 U.S.C. § 2255 include an affidavit setting forth the specific basis for relief is nothing more than our enforcement of Rule 2 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.* That Rule provides as follows:

**Rule 2. The Motion**

**(a) Applying for Relief.** The application must be in the form of a motion to vacate, set aside, or correct the sentence.

**(b) Form.** The motion must:

(1) specify all the grounds for relief available to the moving party;

(2) state the facts supporting each ground;

(3) state the relief requested;

(4) be printed, typewritten, or legibly handwritten; and

> (5) be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant.
>
> **(c) Standard Form.** The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule. The clerk must make forms available to moving parties without charge.
>
> **(d) Separate Motions for Separate Judgments.** A moving party who seeks relief from more than one judgment must file a separate motion covering each judgment.

There are salutary reasons for requiring strict observance of the affidavit requirement. Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process. *See Prewitt*, 83 F.3d at 816 ("Habeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations."). Before this remedy can be invoked, a district court must assure itself that a threshold showing has been made that justifies the commitment of judicial resources necessary to accomplish this delicate and demanding task. In this respect, the verification requirement serves to ensure that a petitioner can provide *some evidence* beyond conclusory and speculative allegations, even if that evidence is his verified statement alone.[8] Requiring either that the

---

[8]   *See Goodwin v. Johnson*, 132 F.3d 162, 177-85 (5th Cir. 1997) (reversing the district court's denial of an evidentiary hearing on a Fifth Amendment claim, where the petitioner offered only his own affidavit to support his contention that he requested an

(continued...)

motion be signed under penalty of perjury or be accompanied by an affidavit is thus not a mere technicality of pleading; once a pleading is submitted in this form, the

---

[8] (...continued) attorney during police questioning).

At least one district in this circuit recently has indicated that the sworn statement of a petitioner itself could constitute sufficient evidence to preclude denial without a hearing. In ordering a petitioner raising a *Castellanos* claim in an untimely appeal to file a § 2255 motion on the form provided by the court, that court noted:

> In addition, he will have to submit an affidavit either sworn or signed under penalty of perjury, in which he states whether he asked his attorney to take an appeal and, if so, what steps he took to consult with his attorney about the appeal. If the affidavit suggests the likelihood that counsel failed to carry out his responsibility to defendant to take an appeal, I will set the matter for an evidentiary hearing to determine whether this is true in fact. If I find that defendant was denied his right to an appeal, I will proceed to consider the § 2255 motion on its merits.

*United States v. Phillips*, 2004 WL 66767, at *1 (W.D. Wis. Jan. 9, 2004). *See also United States v. Phillips*, 2004 WL 2491594, at *3 (W.D. Wis. Oct. 28, 2004) (stating that, on the basis of the defendant's allegations that he told counsel of his desire to appeal, even without alleging details as to where or when, the court would "allow him an opportunity to testify on the issue"); *Agunloye v. United States*, 999 F. Supp. 1182, 1184 (N.D. Ill. 1998) (ruling on a § 2255 motion based on a *Castellanos* claim only after first holding an evidentiary hearing, where the petitioner submitted his own "sworn memorandum in which he claims that he 'repeatedly' asked [his trial counsel] to file an appeal on his behalf," and the government submitted a conflicting sworn affidavit from the petitioner's trial counsel).

allegations contained therein *become* evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings.

The allegation in the amended motion presented by Mr. Kafo makes particularly clear the importance of the verification requirement. The accusation that he levels against his trial counsel is a grave one; indeed, under our precedent, such a failure on the part of counsel is a per se constitutional violation. *Castellanos*, 26 F.3d 717. If the allegation is proven, Mr. Kafo has been deprived of an essential constitutional guarantee. If the allegation is false, it could damage seriously the professional reputation of counsel and disrupt the finality of a most serious undertaking: vindication of the public justice through a criminal conviction. Given the very important concerns at stake, the rules sensibly require *some* threshold showing, however minimal, of an evidentiary basis before requiring a district court to undertake the task of evaluating the allegations and determining whether relief is warranted.

We note that, in addition to the verification requirement contained explicitly in Rule 2(b)(5), the applicable local rule also provides that a § 2255 motion should be filed on the form provided by the court. *See* N.D. Ill. Local Rule 81.3(a).[9] That

---

[9] The language of the local rule is mandatory with respect to the use of the form: "[M]otions filed pursuant to 28 U.S.C. § 2255 shall, when filed by persons in custody, be submitted on forms approved by the Executive Committee." N.D. Ill. Local Rule 81.3(a). We note that Rule 2 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* originally contained similar mandatory language, but such language was amended by

(continued...)

local form includes a declaration under penalty of perjury to accompany the petitioner's signature. Separate instructions for § 2255 petitioners also are available on the district court's website and specifically state that the petitioner "must attest <u>under penalty of perjury</u> that [the] motion is true and correct." Instructions for Filing a Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255, *available at* http://www.ilnd.uscourts.gov/PUBLIC/Forms /2255inst.pdf (emphasis in original) (adopted Apr. 20, 2006). Under these circumstances, the Rules themselves, along with the accompanying forms, certainly give the pro se petitioner adequate notice of the requirement that his allegations be submitted under oath to satisfy due process.

   We note, however, that, although the notice given by the Rules is constitutionally adequate, the Advisory Committee Notes accompanying the 2004 amendments to Rule 2 explicitly admonish that, when this rule is read in the context of the relevant sections of the Federal Rules of Civil Procedure, the better practice is to give a petitioner an opportunity to conform his petition to procedural requirements:

> Current Rule 2(d), which provided for returning an insufficient motion has been deleted. The Committee

---

9  (...continued)

Congress to allow petitioners to file motions that "substantially" follow either the federal or local form. *See* Pub. L. 94-426, § 3, 90 Stat. 1334 (1976). The accompanying Report from the House Committee on the Judiciary states: "The Committee believes that the rules as promulgated by the Supreme Court put too much emphasis upon a strict compliance with the forms, perhaps leading to a rejection of otherwise meritorious claims on the ground of failure to adhere strictly to the form." H.R. Rep. No. 94-1471, at 4 (1976), *as reprinted in* 1976 U.S.C.C.A.N. 2478, 2480.

believed that the approach in Federal Rule of Civil Procedure 5(e) was more appropriate for dealing with motions that do not conform to the form requirements of the rule. That Rule provides that the clerk may not refuse to accept a filing solely for the reason that it fails to comply with these rules or local rules. Before the adoption of a one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996, 110 Stat. 1214, the moving party suffered no penalty, other than delay, if the motion was deemed insufficient. Now that a one-year statute of limitations applies to motions filed under § 2255, *see* 28 U.S.C. § 2244(d)(1), the court's dismissal of a motion because it is not in proper form may pose a significant penalty for a moving party, who may not be able to file another motion within the one-year limitations period. Now, under revised Rule 3(b), the clerk is required to file a motion, even though it may otherwise fail to comply with the provisions in revised Rule 2(b). The Committee believed that the better procedure was to accept the defective motion and require the moving party to submit a corrected motion that conforms to Rule 2(b).

*Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 2, 2004 Amendments, advisory committee's note.

In this case, in denying the petition on its merits without an evidentiary hearing, the district court wrote:

Here, the key to the Court's analysis is whether Kafo offered any evidence substantiating his claim that he requested his attorney to file an appeal. Simply put, *there is no evidence in the record, such as Kafo's own affidavit* or an affidavit from family members, *averring that Kafo asked his counsel to file an appeal*. Further, the Court notes

> that Kafo did not make his allegations in his motion and amended motion under oath.

R.13 at 4 (emphasis added). As evidenced by this statement, the district court complied with the requirements of the amended Rules 2 and 3, and accepted the petition despite Mr. Kafo's failure to submit it on the form required by local rule and despite his failure to sign the motion under penalties of perjury as required by Rule 2(b)(5) and the local instructions. The court did not follow, however, the "better practice," suggested by the Advisory Committee Notes, of instructing Mr. Kafo to amend his motion by submitting it under oath or by attaching an affidavit. Had that practice been followed, the statements Mr. Kafo made in his motion would have constituted at least *some evidence* of his allegations with respect to his counsel's alleged failure to file a direct appeal after being requested to do so by Mr. Kafo. Certainly, the amended motion contains allegations of sufficient specificity to permit the district court to make at least a threshold evaluation of them.[10] The amendments to

---

[10] Mr. Kafo's amended motion contains the following factual statements concerning his interaction with his trial counsel in regard to an appeal:

> During the sentencing phase of the instant case, the Judge pursuant to Rule 32(a)(2), informed petitioner of his right to appeal, and that he had ten days to give notice to the court. Petitioner immediately informed counsel that he wants an appeal filed because the sentence imposed upon him went beyond what counsel had told him to expect.

> Counsel responded and told petitioner to call him later in regards to an appeal. Petitioner followed up with several phone calls, and counsel reassured petitioner that the appeal

(continued...)

the Rule, intended to ensure that technical failures did not become a barrier to merits decisions, should not be read to produce an opposite result. The amendments, reasonably read, give meaning to two important principles: unremedied technical failures should not become a trap to avoid a merits adjudication; unverified allegations are insufficient to invoke the process of collateral attack on a final federal criminal conviction. The Advisory Committee Notes, therefore, not only state the better practice, but harmonize the pleading requirements of Rule 2 with the independent standard that a petitioner must establish some evidentiary basis for his claim before the district court is required by law to hold a hearing.

---

[10] (...continued)

    will be filed appropriately. To be certain that counsel will meet up with petitioner's appeal request, petitioner instructed his family to call counsel in that regard, given that the sentencing judge had given a ten day window to effect notice of appeal to the court.

    Few weeks after sentence, petitioner again called counsel to find out the situation with this appeal, but counsel responded by telling petitioner to file the appeal himself. Petitioner in dismay and disbelief could not ascertain counsel's reason(s) for not effecting his appeal, as he had promised. Thus prompting petitioner to file the habeas corpus 2255 petition, now before this Honorable Court.

    The fact is that petitioner is a layman, hence, does not know how to tackle issues concerning the law, and whole heartedly trusted and relied on counsel to carry out his wishes, in regards to the appeal in question. Such failure by counsel to fulfill petitioner's request to file an appeal, despite promises to do so, rendered counsel ineffective.

R.9 at 1-2.

We believe that had the petition been submitted under oath, the district court might well have considered the allegations sufficient to withstand, at this early stage of the proceedings, a motion to dismiss.[11] As we have noted earlier, the amended petition submitted by Mr. Kafo, although deficient because it was not signed under oath, certainly provides a sufficient statement of his allegation to permit further evaluation. Because the district court explicitly noted a complete lack of evidence of the claimed ineffectiveness and because the petition itself would have been at least some evidence had it appropriately been verified, we cannot say that the district court would have reached the same conclusion if Mr. Kafo had been instructed to so amend his pleading. For this reason, we believe that the appropriate course is to vacate the judgment of the district court in order to permit that court to afford the petitioner an adequate opportunity to submit a verified version of the amended complaint or a supplemental affidavit.

### Conclusion

Accordingly, we vacate the district court's judgment and remand the case to the district court for proceedings consistent with this opinion.

VACATED and REMANDED

---

[11] *See supra* note 8.

A true Copy:

      Teste:

 

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*