NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 28, 2007
Decided March 30, 2007

**Before**

Hon. KENNETH F. RIPPLE, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

No. 05-4349

| | |
|---|---|
| SHANE BRADLEY,<br>　　　　*Petitioner-Appellant*, | Appeal from the United States<br>District Court for the Western<br>District of Wisconsin |
| *v.* | |
| | No. 05 C 344 |
| UNITED STATES OF AMERICA,<br>　　　　*Respondent-Appellee*. | John C. Shabaz,<br>*Judge*. |

## O R D E R

Shane Bradley pleaded guilty to distributing a heroin mixture in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 223 months' imprisonment. Bradley sought to collaterally attack his sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel. He argued, in relevant part, that counsel disregarded his requests to appeal his sentence, and that counsel induced his guilty plea by incorrectly calculating the sentence he would face if he went to trial. Bradley has submitted enough evidence to warrant an evidentiary hearing on both issues; we therefore vacate the district court's judgment.

Bradley began his criminal career with marijuana use. He graduated into cocaine and then heroin use, before he also started distributing heroin. Bradley was arrested after one of his customers, 17-year-old Edward Tallard, died from a heroin overdose. In December 2003 he was indicted on three counts of distributing a heroin mixture. During an interview with members of the Dane County Sheriff's Office, Bradley admitted selling heroin to Tallard. He eventually pleaded guilty to one count of heroin distribution in March 2004; he did not file a direct appeal.

In June 2005 Bradley moved to vacate his guilty plea under 28 U.S.C. § 2255, alleging that his attorney induced his guilty plea by telling him that if he was convicted at trial on all three counts of heroin distribution, the sentences would run consecutively and he would be subject to 90 years' imprisonment. Bradley also alleged that counsel should have objected to the amount of drugs that he was held responsible for, that counsel's inaction caused him to be improperly sentenced as a career offender, and that counsel did not follow Bradley's instructions to appeal his sentence. In its order, the district court first noted that Bradley did not object to the drug calculations at his sentencing. Then, the court determined that counsel's failure to object to the drug calculations was a strategic decision that did not prejudice Bradley. Without addressing Bradley's claims that his guilty plea was coerced by incorrect sentencing advice or that counsel failed to file a notice of appeal, the court then denied both Bradley's request for an evidentiary hearing and his § 2255 motion.

Bradley moved to alter or amend the judgment under Fed. R. Civ. P. 59(e), essentially reasserting his claims that counsel furnished ineffective assistance. Bradley asked counsel to corroborate these assertions in an affidavit, but counsel refused, stating that "the tenor and direction of you [sic] affidavit/interrogatory are not consistent with my perception of your understanding of these events . . . at the time they occurred." The district court denied Bradley's motion to amend the judgment. Bradley then requested a Certificate of Appealability (CA) from the district court, arguing that he had made a substantial showing of the denial of a constitutional right with respect to several issues. The district court denied Bradley's motion, but we granted him a CA on two issues: whether his counsel failed to file a notice of appeal, and whether his counsel gave deficient advice inducing a guilty plea.

On appeal Bradley first contends that trial counsel ignored his express instructions to appeal his sentence. He further asserts, and the government concedes, that he submitted enough evidence to warrant an evidentiary hearing on this claim. We review a district court's decision to deny an evidentiary hearing for an abuse of discretion. *See Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Counsel is constitutionally required to consult with the defendant about an

appeal when the defendant demonstrates that he is interested in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). When a lawyer fails to file a notice of appeal, despite having been instructed to do so by his client, we have held that the lawyer furnished *per se* ineffective assistance of counsel. *See United States v. Nagib*, 56 F.3d 798, 801 (7th Cir. 2006); *United States v. Castellanos*, 26 F.3d 717, 718 (7th Cir. 1994).

Here Bradley swears in an affidavit that he instructed his mother to tell counsel to appeal his sentence if the district court did not grant him a downward departure. Bradley's assertions are corroborated by his mother, who has also sworn in an affidavit that Bradley instructed her to tell counsel that he wanted to appeal his sentence if he did not receive a downward departure. She noted that counsel "gave us the impression that Shane [Bradley] could not appeal." Bradley's brother also submitted an affidavit confirming that he was present when their mother requested an appeal, and that counsel essentially refused the request. Finally, Bradley's uncle also submitted an affidavit attesting that he was present immediately after Bradley's sentencing and that counsel "gave the impression" that Bradley could not appeal. Moreover, despite Bradley's interest in an appeal, counsel apparently never met with him to discuss the possibility of appealing. Bradley has supported his claim that counsel failed to appeal with several affidavits, and because a lawyer's failure to appeal upon request constitutes *per se* ineffective assistance of counsel, the district court abused its discretion by refusing to hold an evidentiary hearing on this claim.

Bradley next argues that counsel's incorrect sentencing calculation induced him to plead guilty, thus his plea was unknowing and unintelligent. A district court's decision to deny a motion under § 2255 is reviewed for clear error as it relates to factual matters and de novo as to issues of law. *See Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002). To establish ineffective assistance of counsel, Bradley must show that (1) the performance of counsel fell outside the range of competence demanded of attorneys in criminal cases, and (2) he suffered prejudice. *See Barrow v. Uchtman*, 398 F.3d 597, 603-04 (7th Cir. 2005) (citing *Strickland v. Washington*, 466 U.S. 668 (1974)). We have noted that a defendant can prove his attorney's performance was deficient by showing that the attorney did not make a good-faith effort to discover the facts relevant to his sentencing and to analyze those facts in terms of the applicable legal principles. *See United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005). But we have also noted that the standard for ineffective assistance claims is "stringent." *Id.* Before an evidentiary hearing will be granted, the appellant must provide a detailed and specific affidavit which shows that he has actual proof of the allegations. *Galbraith*, 313 F.3d at 1009.

Bradley alleges that counsel told him that he would face 90 years' imprisonment if he were found guilty of the three counts of heroin distribution. If true, that sentencing prediction was incorrect. *See* U.S.S.G. § 5G1.2 n.1 (providing that except as otherwise required by law, "the total punishment is to be imposed on each count and the sentences on all counts are to be imposed to run concurrently"). As proof, Bradley has submitted his own affidavit, in which he swears that counsel induced him to plead guilty. The government asserts that Bradley has offered "no objective, credible evidence," but we have held that under some circumstances, a defendant's verified statement is enough to require an evidentiary hearing. *See Kafo*, 467 F.3d at 1068; *Galbraith*, 313 F.3d 1001 at 1009.

On the whole, the record indicates that Bradley is entitled to an evidentiary hearing to determine whether counsel's deficient advice caused him to plead guilty. Among the factors that we have weighed in determining whether counsel induced the defendant to plead guilty are: (1) the defendant's statements during the plea hearing, (2) evidence of the defendant's desire to go to trial, and (3) the disparity between the advised sentence and the sentence received. *See Bethel v. United States*, 458 F.3d 711, 718-19 (7th Cir. 2006); *Moore v. Bryant*, 348 F.3d 238, 242-43 (7th Cir. 2003). During the proceedings that led to the acceptance of his plea, Bradley was asked whether "anyone made any other or different promise or assurance to you of any kind in an effort to persuade you to plead guilty," to which he responded, "No." Bradley's responses during the plea colloquy do not necessarily absolve counsel, *see Moore*, 348 F.3d at 243, but they cast some doubt on his claim. Moreover, unlike in other cases, counsel here would not corroborate Bradley's claims because the allegations were "inconsistent" with his understanding of the events. *Cf. Moore*, 348 F.3d at 241.

It is also not clear that Bradley would have insisted on going to trial in the absence of counsel's advice. We have repeatedly held that a mere allegation by the defendant that he would have insisted on going to trial is insufficient to establish prejudice. *See, e.g.*, *Bethel*, 458 F.3d at 718. He argues, with little further elaboration, that but for the sentencing miscalculation, he would have gone to trial. Bradley confessed to distributing heroin, however, so it is not clear what defense he would have argued at trial. The record of his criminal proceedings is not a part of the record on this appeal, so we do not know what evidence it might contain as to whether Bradley wanted to go to trial, or whether he always intended to plead guilty.

But the final factor, the disparity between predicted and actual sentence the defendant would have faced, weighs heavily in Bradley's favor. In *Moore*, the attorney told his client that he would face 10 years' imprisonment if he pleaded guilty, but as much as 27 years if he lost at trial. *See* 348 F.3d at 242. In actuality,

the defendant would have only faced 12-1/2 to 15 years if found guilty at trial. We found that the attorney's miscalculation was "precisely the type of information that is likely to impact a plea decision." *Id.* at 242-43. We then held that the state court's rejection of the defendant's ineffective assistance of counsel claim was an unreasonable application of clearly established Supreme Court law, and upheld the district court's grant of the writ of habeas corpus. *Id.* at 244. Similarly, in this case, if Bradley knew that he would face a maximum of 30 years' imprisonment, rather than the projected 90 years, whether or not he pleaded, he may have opted to try his case. Given the uncertainty regarding counsel's sentencing advice and whether that advice impacted Bradley's decision to plead, the district court abused its discretion in not granting an evidentiary hearing on this claim.

Finally, Bradley contends that trial counsel should have objected to the drug calculations included in the PSR. This claim was not included in our CA grant, so Bradley must satisfy the requirements for obtaining a CA on this issue before we can address the merits. To expand the CA, Bradley must make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005). To demonstrate ineffective assistance of counsel, Bradley must show that counsel's actions were deficient and that these actions caused prejudice. *See United States v. Scanga*, 225 F.3d 780, 783 (7th Cir. 2000).

Here Bradley faults counsel for not challenging the drug calculations. But the calculations were based on an estimate that Bradley himself gave to investigators. Bradley told investigators that he bought six bags containing one-tenth of a gram of heroin from an outside source, roughly 300 times during a three-month period. Bradley explained that he bought heroin between two and five times each day, but that he personally consumed half of the heroin he bought. The district court calculated the drug amount by multiplying the amount of drugs that Bradley bought on each trip (6 bags x .1 gram = 0.6 grams of heroin) by the number of times Bradley said he bought drugs (300 buys x 0.6 grams of heroin = 180 grams of heroin). The court then divided that number in half, to account for the half of the drugs Bradley bought that he consumed. Therefore, the district court held Bradley responsible for distributing 90 grams of heroin.

Bradley now argues that he made two, independent estimates about the amount of heroin he purchased—one where he purchased heroin 300 times in a three-month period, and one where he purchased heroin twice a day for three months. However, Bradley's estimates are not contradictory. He first estimated his total number of purchases in the three-month period (300) and then estimated his number of daily purchases in the three-month period (2-5 times per day). Under his first estimate, Bradley purchased 180 grams of heroin and under his second

estimate he purchased anywhere from 180-270 grams of heroin. Given these estimates, Bradley could have been held responsible for as much as 135 grams (270 divided by 2 to account for his personal use) of heroin. Accordingly, the district court did not clearly err in finding him responsible for distributing 90 grams. *See United States v. Berthiaume*, 233 F.3d 1000, 1002 (7th Cir. 2000) (noting that district court may consider any information that has sufficient indicia of reliability in making its drug calculation). Therefore, counsel's failure to object to the drug calculation cannot be seen as deficient performance, and Bradley cannot make the substantial showing of the denial of a constitutional right needed to expand his CA. Additionally, even if a CA was not needed, Bradley's claim would similarly fail on the merits.

For these reasons, we VACATE the district court's judgment and REMAND for an evidentiary hearing as to whether counsel failed to file a notice of appeal and whether counsel's advice induced Bradley's plea.