In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 05-3953

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JEFFREY STEVENS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 05 CR 6—**Larry J. McKinney**, *Chief Judge.*

---

ARGUED APRIL 6, 2006—DECIDED JULY 17, 2006

---

Before RIPPLE, MANION, and KANNE, *Circuit Judges.*

KANNE, *Circuit Judge.* Jeffrey Stevens was a passenger in a vehicle when the driver was lawfully stopped by Terre Haute, Indiana, police for disregarding a traffic light. Upon approaching the vehicle, two officers saw a pistol-grip shotgun between Stevens's legs, the grip resting in his lap. A pistol was subsequently found directly underneath Stevens's seat. Stevens was ultimately convicted of two counts of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g)(1), and sentenced to 240 months' imprisonment. Stevens appeals, arguing there was insufficient evidence to support his convictions. He also makes a constitutional challenge to the enhanced penalties provision of the Armed Career Criminal Act, 18 U.S.C. § 924(e). We affirm.

## I. HISTORY

At about 7 o'clock in the morning on January 14, 2005, Ralph Downing got off work and, as was his habit, headed to a tavern for an eye-opener. Having plenty of time to kill until the local bank opened, he drank three pitchers of beer. At about 9 o'clock, Downing met up with his cousin, Donnie Heck. They then drank a fifth as well as a pint of whiskey, and chased those with a half-gallon of the same. At some point that morning, Stevens joined the party.

Stevens convinced his companions to drive him to his brother Gary's house. Stevens was looking for transportation, as his own truck was destroyed by fire the day before in front of Gary's house. The plan was to pick up Gary and his two shotguns and pawn the shotguns. Once at Gary's house, Downing went inside. After speaking with Gary, Downing took the shotguns. Gary testified Downing was playfully waving around a pistol while inside the house. Downing then returned to the pickup truck, placing one shotgun in the bed and one in the front with his cohorts. The shotgun in front was placed with the barrel between Stevens's feet and the pistol grip leaning towards Stevens. Stevens, Downing, and Heck then drove off, having apparently forgotten about Gary. When Stevens later asked where Gary was, Downing replied, "We are going shooting."

Unbeknownst to everyone, Gary's house was under surveillance by officers from the Terre Haute police department. Detective Denzil Lewis was waiting in the shadows to serve an arrest warrant on Stevens. Of course, he also saw the shotguns being loaded into the truck. As the truck drove away, Lewis followed, and saw the vehicle disregard a traffic light. Lewis called for uniformed officers to initiate a traffic stop.

Two marked units made the stop. Heck was driving, Downing was sitting in the middle, and Stevens was sitting in the passenger seat. As the officers approached the

vehicle, Stevens was seen to bend over for three to five seconds. After drawing their weapons, the officers moved in closer and saw the pistol-grip shotgun between Stevens's legs. The officers then arrested the three men without incident.

A later search of the vehicle revealed a pistol underneath Stevens's seat as well as the other shotgun in the bed of the truck. As an officer removed the pistol from under the seat, Stevens stated, "You can't charge me with that. I know the law, and because this ain't my vehicle, you can't prove it is mine." Also, although Stevens identified himself as Steven Winton and he produced identification in that name, the police knew they had their man and arrested Stevens on the outstanding warrant. Heck was arrested for drunken driving, and Downing was arrested for public intoxication. Not surprisingly, at Stevens's trial, both professed drunken amnesia for most of the happenings that day.

Stevens was tried and convicted of two counts of being a felon in possession of a firearm, namely the shotgun found between his legs and the pistol from under his seat. Although the police also contended they recovered a bullet from Stevens's pocket at the police station, Stevens was acquitted of being a felon in possession of ammunition. However, the bullet was of the type used in the pistol.

## II. ANALYSIS

### A. Sufficiency of the Evidence

Stevens argues that the evidence at trial was insufficient to sustain his convictions. We have often pointed out the difficulty Stevens now faces in arguing that the jury lacked sufficient evidence upon which to convict. *See, e.g.*, *United States v. Hicks*, 368 F.3d 801, 804 (7th Cir. 2004) ("The standard of review facing the defendants on their claim that the jury had insufficient evidence to convict is a daunting

one.") (citations omitted); *United States v. Gardner*, 238 F.3d 878, 879 (7th Cir. 2001) ("In attacking the sufficiency of the evidence, a defendant bears a heavy burden.") (citation omitted). Mounting a challenge to the sufficiency of the evidence is so difficult because to be successful, the defendant must show that "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Curtis*, 324 F.3d 501, 505 (7th Cir. 2003) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Viewing the evidence in the light most favorable to the prosecution means that on review we will not—despite defendants' frequent requests to do so—"weigh the evidence or second-guess the jury's credibility determinations." *Gardner*, 238 F.3d at 879. We will certainly not overturn a conviction because we would have voted to acquit; rather, "[w]e will overturn a conviction based on insufficient evidence only if the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt." *Curtis*, 324 F.3d at 505 (citing *United States v. Menting*, 166 F.3d 923, 928 (7th Cir. 1999)).

As to both weapons, Stevens argues there was insufficient evidence to establish that he possessed them. Possession may be either actual or constructive, exclusive or joint. *United States v. Gilbert*, 391 F.3d 882, 886 (7th Cir. 2004). Actual possession exists when a person knowingly main-tains physical control over an object. *United States v. Lane*, 267 F.3d 715, 717 (7th Cir. 2001). Constructive possession exists when, although a person does not have actual possession, he has the power and intent to exercise control over an object either directly or through others. *United States v. Thomas*, 321 F.3d 627, 636 (7th Cir. 2003).

As for the shotgun, two police officers saw the barrel was on the floorboard between Stevens's legs, and the pistol grip was in his lap. Even assuming Stevens did not bring it into the vehicle or put it between his legs, its location between

his legs supports the reasonable inference that he was possessing it at the time the officers approached. Stevens's argument is that, pursuant to *United States v. Chairez*, 33 F.3d 823, 825 (7th Cir. 1994), proximity to the shotgun alone cannot be sufficient to infer possession. But in *Chairez*, the government introduced no evidence of possession other than the fact that a gun was found underneath the defendant's seat in a car; there was no evidence the defendant even knew the gun was there. Here, the evidence indicated Stevens knew the gun (which belonged to his brother) was there, and it was actually found on his person, making *Chairez* readily distinguishable. There was ample evidence upon which the jury could find he possessed it, either solely or in conjunction with the others in the vehicle.

As for the pistol found directly under Stevens's seat, there was again ample evidence upon which the jury could find he possessed it. As the officers approached the vehicle, Stevens bent and leaned over for several seconds, the inference being he was placing the pistol underneath the seat. The officer who later found the gun testified the pistol was resting upright under the seat in a precarious position with the barrel touching the bottom of the seat, the inference being it had recently been placed there.[1] Furthermore, the other occupants did not come forward and claim possession, or even knowledge of, the gun. However, Downing was seen waving a similar-looking gun around just before he entered the vehicle. The jury could reasonably infer he gave the gun to Stevens, who later put it under his seat. Or, the jury could have disregarded the testimony regarding Downing waving a pistol around, and found Stevens was in possession of his own pistol the whole time, given that there was testimony that a compatible bullet was found in Stevens's pocket. But we need not speculate which logical path the

---

[1] The testimony indicated the gun could not remain in its position while the vehicle was in motion.

jury chose to follow. In any event, there was evidence from which the jury could infer Stevens knew the gun was under the seat and he put it under his seat (or at least was reaching for it), and thereby possessed it in the process. *See United States v. Starks*, 309 F.3d 1017, 1021-22 (7th Cir. 2002) ("[T]he trier of fact is entitled to employ common sense in making reasonable inferences from circumstantial evidence.") (citation omitted).

Stevens once again hangs his hat on *Chairez* (and other, similar cases as well), arguing the mere fact a passenger and a gun were in the same car is insufficient for the jury to determine Stevens had knowledge and possession of the gun. But Stevens ignores the other evidence (listed above) that provides a reasonable linkage between Stevens and the gun, and distinguishes Stevens's case from *Chairez*. And while Stevens argues the evidence could have supported a different conclusion (e.g., the driver brought the gun into the truck and was thereby the sole possessor), the jury was entitled to "choose among various reasonable constructions of the evidence." *See United States v. Robinson*, 161 F.3d 463, 472 (7th Cir. 1998) (quoting *United States v. Rose*, 12 F.3d 1414, 1420 (7th Cir. 1994)).

## B.  Findings as to Criminal History

Stevens's sentence of 240 months' imprisonment exceeded the otherwise applicable statutory maximum of 120 months. *See* 18 U.S.C. § 924(a)(2). Stevens faced a higher sentence because of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "Act"). The Act provides that a defendant who is found to be a felon in possession "and has three previous convictions . . . for a violent felony . . . committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." The district judge made a factual finding that Stevens had three previous

qualifying felonies.[2] Stevens argues his Sixth Amendment rights were violated because the three convictions were not presented to a grand jury for indictment or submitted to the jury for fact-finding as an element of the offense in the instant case.

Stevens properly concedes the law is clearly against him. In *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court "held that the existence of a prior conviction need not be alleged in the indictment or proven to a jury as an element of the offense, but rather may be determined by the judge at sentencing, even if the prior conviction increases the statutory maximum sentence that may be imposed on the defendant." *United States v. Williams*, 410 F.3d 397, 401 (7th Cir. 2005) (citing *Almendarez-Torres*). As we have noted, *Almendarez-Torres* remains intact, notwithstanding the subsequent decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). *See id.* at 402; *see also Shepard v. United States*, 544 U.S. 13, 24-26, 37-38 (2005) (acknowledging the continuing validity of *Almendarez-Torres*) (plurality and dissenting opinions). In light of the current status of the law, Stevens's claim must fail. Unless or until the Supreme Court overrules *Almendarez-Torres*, "the district court does not violate a defendant's Sixth Amendment right to a jury trial by making findings as to his criminal record that expose him to greater criminal penalties." *Williams*, 410 F.3d at 402 (citations omitted).

Stevens makes clear that his real intent is to preserve his right to seek review of this issue by the Supreme Court. We note Stevens timely raised the issue both before us and the district court, and his counsel admirably presented to us his argument on the subject.

---

[2] Stevens does not dispute he has three prior violent felony convictions.

### III.  CONCLUSION

For the reasons set forth above, Stevens's convictions and sentence are AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*