**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 16, 2006
Decided August 17, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-2337

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> v. <br><br> EMANUEL BOLDEN, *Defendant-Appellant*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 02-CR-1261-1 <br><br> Charles R. Norgle, Sr. *Judge*. |

**O R D E R**

Emanuel Bolden was convicted after a jury trial of possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). The district court sentenced him to 293 months' imprisonment and five years' supervised release. Appointed counsel filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). For his part, Bolden has accepted our invitation to respond to counsel's motion. *See* Cir. R. 51(b). Because counsel's supporting brief is facially adequate, we limit our review to the potential issues identified by counsel and Bolden. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

Counsel and Bolden first consider whether Bolden might argue that the government presented insufficient evidence to convict him of possessing a firearm.

We will affirm a conviction if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see United States v. Carrillo*, 435 F.3d 767, 775 (7th Cir. 2006). At trial the government presented evidence that on June 25, 2002, Chicago police officers arrested Bolden after he fled the scene of a routine traffic stop. The officer who initially took up the chase testified that he saw Bolden clutching a shiny object in the waistband of his shorts as he ran from the stop, that he chased Bolden on foot to the vicinity of De La Salle High School, and that after he lost sight of Bolden he saw activity around the school's air conditioner but could not identify its exact nature. A security guard from the high school testified that at approximately 5:30 p.m. he saw Bolden run through the school parking lot and "slow down" near the school's air conditioner before he was apprehended. Officers found the gun on top of the air conditioner following Bolden's arrest. And two officers said that Bolden told them, after *Miranda* warnings, that a friend had given him the gun for protection. Because a rational finder of fact could conclude from this evidence that Bolden possessed the gun, *see, e.g., United States v. Stevens*, 453 F.3d 963, 966-67 (7th Cir. 2006) (finding evidence sufficient to support possession conviction where defendant was seen sitting in passenger's seat of vehicle, police saw person in passenger's seat lean forward for several seconds, and police recovered a pistol from under passenger's seat); *United States v. Thomas*, 321 F.3d 627, 635-36 (7th Cir. 2003) (recognizing that jury could find possession where defendant was seen with a gun, gun was found in public area where defendant had been seen, and defendant admitted to buying the weapon), we agree with counsel that any challenge on this ground would be frivolous.

Counsel and Bolden also consider whether Bolden could challenge the reasonableness of his prison sentence. We have held that a sentence within a properly calculated guidelines range is presumptively reasonable. *United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). Bolden faced a statutory minimum term of 15 years because his prior convictions qualified him as an armed career criminal, *see* 18 U.S.C. § 924(e), a fact that also yielded a guidelines imprisonment range of 253 to 293 months under U.S.S.G. § 4B1.4. In choosing to impose 293 months, the district court first rejected the government's motion for a term above the range, reasoning that the guidelines range was "fair" given Bolden's background. The district court then considered the factors in 18 U.S.C. § 3553(a), including the need for punishment and deterrence as well as Bolden's prior criminal conduct. Although Bolden contends that his guidelines range was improperly calculated due to impermissible judicial fact-finding that resulted in an increase to his base offense level, judicial findings of fact that affect only the guidelines range do not raise constitutional concerns because the judge is no longer required to impose the guidelines sentence. *See United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). And neither Bolden nor counsel have identified information in the record that

would have compelled a lower sentence.  Thus we agree with counsel that this potential argument would be frivolous.  *See Mykytiuk*, 415 F.3d at 608.

Finally, Bolden considers whether he could argue that his trial counsel was ineffective.  We have instructed, however, that it is usually better to bring a claim of ineffective assistance of counsel in a collateral proceeding under 18 U.S.C. § 2255 where the record necessary to support the claim can be developed.  *E.g., United States v. Rezin*, 322 F.3d 443, 445 (7th Cir. 2003); *see Massaro v. United States*, 538 U.S. 500, 504-05 (2003).  And this case is no exception.

Counsel's motion to withdraw is GRANTED*,* and, given our agreement with counsel that this appeal is frivolous, Bolden's motion for substitute counsel is DENIED.  The appeal is DISMISSED.