NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 17, 2007
Decided January 19, 2007

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. KENNETH F. RIPPLE, *Circuit Judge*

No. 05-2986

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 04-CR-178-001 |
| JOHN C. PITTMAN, *Defendant-Appellant*. | J.P. Stadtmueller, *Judge*. |

### O R D E R

John Pittman's appointed counsel moves to withdraw because he is unable to discern a nonfrivolous basis to appeal. *Anders v. California*, 386 U.S. 738 (1967). Pittman was charged with four counts of tax evasion for filing fraudulent federal income tax returns in 1997 and 1998 and for failing to file federal income tax returns in 1999 and 2000. *See* 26 U.S.C. § 7201. A jury returned a guilty verdict against Pittman, and the district court sentenced him to 21 months' imprisonment and three years' supervised release. Pittman did not answer our invitation under Circuit Rule 51(b) to respond to counsel's motion, so we limit our review to the arguments raised in counsel's brief. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Pittman could mount a challenge to the sufficiency of the evidence supporting his convictions.  To convict Pittman, the government had to prove that (1) he did not pay the tax he owed; (2) he acted willfully; and (3) he committed an affirmative act constituting an attempt to evade or defeat the tax.  *See* 26 U.S.C. § 7201; *United States v. King*, 126 F.3d 987, 989 (7th Cir. 1997).  Counsel asks whether Pittman might challenge the test's second prong——whether sufficient evidence supported the jury's finding that he acted willfully.

We agree with counsel that an appeal on this ground would be frivolous.  In challenging the sufficiency of evidence supporting a conviction, a defendant "faces a nearly insurmountable hurdle."  *United States v. Sebolt*, 460 F.3d 910, 914-15 (7th Cir. 2006) (internal quotation marks omitted).  We would overturn Pittman's convictions only if, viewed in the light most favorable to the government, "the record is devoid of evidence from which a reasonable jury could find guilt beyond a reasonable doubt."  *Id.* at 915 (internal quotation marks omitted).  Here, the government provided ample evidence to show that Pittman willfully evaded his tax obligation.  An IRS tax audit expert testified that Pittman shortchanged the government by $122,391 in unpaid taxes between 1997 and 2000.  The government's evidence also showed that Pittman had used more than $580,000 of the approximately $1 million his businesses had received from government grants for his and his family's personal expenses.  Based on evidence that he had established 14 separate corporate bank accounts to dole out the money to himself, his daughters, and his ex-fiancée, the jury could have reasonably inferred that he was willfully avoiding his tax obligations.  Finally, the jury heard Pittman's former tax advisor testify that he had told Pittman how to properly report his personal income from his businesses, which suggested that he had not simply made a mistake.  Although Pittman testified that he honestly believed he was meeting his tax obligations, we would not "second-guess" the jury's decision not to believe him.  *United States v. Stevens*, 453 F.3d 963, 965 (7th Cir. 2006) (internal quotation marks omitted).

Counsel next considers whether Pittman could challenge the calculation of his sentence, which included a two-point enhancement for obstruction of justice, *see* U.S.S.G. § 3C1.1, and no reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1.  Although now advisory, the guidelines still must be properly calculated. *United States v. Robinson*, 435 F.3d 699, 700-01 (7th Cir. 2006).  Since Pittman did not object to either finding, we would review only for plain error.  *See United States v. Galbraith*, 200 F.3d 1006, 1013 (7th Cir. 2000).

We agree with counsel that it would be frivolous to challenge the district court's sentencing calculations.  The court enhanced Pittman's sentence for obstruction of justice after adopting the findings of the Pre-Sentence Investigation

Report (PSR), which cited two instances in which Pittman lied at trial about a material fact. First he testified that he mailed his 1999 tax return, when in fact he had not. And he testified that the business checks he wrote to his fiancée were for work she performed, but she testified that she had not worked for him during the relevant period. We would not reverse the court's decision to credit her story over his when the district judge had the opportunity to observe both of them at trial. *See United States v. Frazier*, 213 F.3d 409, 416-17 (7th Cir. 2000). And we would not overturn the court's refusal to allow a reduction for acceptance of responsibility because Pittman put the government to its burden of proof at trial and contested the factual basis for his conviction. *See United States v. Hicks*, 368 F.3d 801, 808 (7th Cir. 2004).

Finally, counsel considers whether Pittman might generally challenge his 21-month sentence as unreasonable. His sentence falls at the bottom of the recommended guidelines range of 21-27 months, *see* U.S.S.G. Ch. 5 Pt. A, so it is presumptively reasonable. *See United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). We are mindful that the Supreme Court has granted a writ of certiorari to determine whether that presumption is consistent with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Rita*, No. 05-4674, 2006 WL 1144508 (4th Cir. May 1, 2006), *cert. granted*, 75 U.S.L.W. 3246 (U.S. Nov. 3, 2006) (No. 06-5754), but even without the presumption, Pittman's sentence is reasonable. The district court meaningfully considered the statutory sentencing factors and determined that a 21-month sentence was appropriate given Pittman's substantial tax deficiency (the jury found that he failed to pay between $72,000 and $120,000 in taxes) and his perjurious testimony at trial.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.