NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2007
Decided February 27, 2007

**Before**

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-2157

| | |
|---|---|
| UNITED STATES of AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Indiana, Hammond Division |
| *v.* | No. 2:03 CR 6 -02 |
| DAMON HILL, *Defendant-Appellant.* | Rudy Lozano, *Judge.* |

**O R D E R**

Police in Gary, Indiana, arrested Damon Hill for trespassing after they observed him leaving a vacant apartment in a public housing project. The police searched the apartment and found 15 grams of crack cocaine and a firearm. Further investigation led police to believe that Hill paid a woman to purchase the gun for him because, as a convicted felon, it was illegal for him to buy it himself. Hill was questioned and confessed on videotape that the gun was his, but recanted at trial and testified that neither the drugs nor the gun were his and that police told him to say he owned the gun. The jury did not believe him and found him guilty of making a false statement to acquire the gun, 18 U.S.C. § 922(a)(6), possessing the gun as a felon, *id.* § 922(g)(1), possessing crack with the intent to distribute, 21

U.S.C. § 841(a)(1), and possessing the gun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c).

At sentencing the district court found that Hill had lied at trial when he denied his involvement in purchasing the gun and possessing the crack, and when he testified that the police told him to say the gun was his. The court also found that Hill was lying again at sentencing because he continued to deny involvement with the gun and drugs. The court ruled that Hill had obstructed justice by lying and therefore increased his offense level by two levels. *See* U.S.S.G. § 3C1.1. This put Hill in a guidelines range of 147 to 168 months, and the court sentenced him to a total of 168 months' imprisonment. The court also imposed a four-year term of supervised release, and $400 in special assessments.

Hill filed a notice of appeal, but his appointed attorney now seeks to withdraw under *Anders v. California,* 386 U.S. 738 (1967), because she is unable to find a nonfrivolous issue for appeal. Hill received a copy of counsel's submission, *see* Cir. R. 51(b), but has not responded. We agree with counsel that Hill's appeal is frivolous, and thus we grant counsel's motion to withdraw and dismiss the appeal.

In her *Anders* submission, counsel first considers whether Hill could argue that the government's principal witness lied at trial and that, as a consequence, the evidence cannot sustain the jury verdicts. The witness, Jamie Young, testified that Hill paid her to purchase the gun for him. When a defendant challenges the sufficiency of the evidence after a jury trial, we view the evidence in the light most favorable to the government and ask whether any rational juror could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Stevens*, 453 F.3d 963, 965 (7th Cir. 2006). Hence, it would be frivolous to ask us to reweigh the evidence or "second-guess the jury's credibility determinations." *See United States v. Gardner,* 238 F.3d 878, 879 (7th Cir.2001). Young gave several different stories to the police before she eventually admitted that she purchased the gun on Hill's behalf, but this does not make her trial testimony incredible as a matter of law. *See United States v. Ortiz*, 431 F.3d 1035, 1039-40 (7th Cir. 2005). Moreover, even without Young's testimony the record is replete with evidence supporting the verdicts: Hill confessed on videotape that Young bought the gun for him, the police testified that Hill was seen exiting the vacant apartment where the gun and drugs were found, and surveillance photographs show Hill in the gun shop with Young shortly before the gun was sold.

Counsel also considers whether Hill could argue that, in applying the sentencing guidelines, the district court erroneously found under U.S.S.G. § 3C1.1 that he obstructed justice because that ruling is based on Young's "unreliable" testimony and because the court, and not the jury, made the § 3C1.1 finding. The

court, not the jury, decides facts relevant to the sentencing guidelines by a preponderance of the evidence. *United States v. Garcia*, 439 F.3d 363, 369 (7th Cir. 2006); *United States v. Dean*, 414 F.3d 725, 730 (7th Cir. 2005). And a sentencing court's credibility findings, like a jury's, will not be disturbed unless they are completely without foundation, *Ortiz*, 431 F.3d at 1039. We thus agree with counsel that it would be frivolous for Hill to challenge the upward adjustment under § 3C1.1. In any event, as noted above, even without Young's testimony the government's remaining evidence at trial was more than sufficient to support the finding that Hill committed perjury and obstructed justice when he denied his involvement with the gun and drugs.

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.