NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2007
Decided March 7, 2007

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3117

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, <br><br>     *v.* <br><br> SEAN BRANNON, <br>     *Defendant-Appellant*. | Appeal from the United States District Court for the Eastern District of Wisconsin <br><br> No. 2:04-CR-220-LA-ALL <br><br> Lynn Adelman, <br> *Judge*. |

**ORDER**

Based on stipulated facts, Sean Brannon was convicted at a court trial of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to three months imprisonment followed by two years of supervised release. On appeal, Brannon argues that his conviction should be reversed because the "evidence" as found in the stipulation was insufficient.

All the material facts are set forth in a five-page stipulation of the parties that was adopted by the court prior to a bench trial. In June 2001, law enforcement officers searched Brannon's residence pursuant to a warrant obtained as part of a forgery investigation. At the time, Brannon lived in the home with his wife, their two children, and Brannon's uncle.

During the search, the officers found and seized ammunition and other firearm-related equipment from three locations in Brannon's home: (1) a dresser drawer in Brannon's master bedroom; (2) the top shelf of a closet on the main floor; and (3) above a ceiling tile in the basement where Brannon's uncle slept. The contents of the dresser drawer also included a utility contract bearing Brannon's name and two expired driver's licenses and a credit card bearing his wife's name. Brannon told the officers that "the holster, the loaded magazine, and the ammunition found in the residence had belonged to him but he had forgotten that he had those items." Brannon's wife stated that the ammunition did not belong to her. No fingerprints belonging to Brannon or anyone else were recovered from the ammunition, magazine, or other firearm-related items seized from the home.

Based solely on the stipulation, the district court found that (1) Brannon had knowingly possessed ammunition, (2) the ammunition had traveled in interstate commerce prior to his possessing it, and (3) he had previously been convicted of a crime punishable by imprisonment of more than one year. (The latter two conclusions are not challenged on appeal.) Based on those findings, the court found Brannon guilty of being a felon in possession of ammunition.

On appeal, the sole issue is whether the government proved beyond a reasonable doubt that Brannon had constructive possession of the ammunition found in his home. Brannon argues that the stipulation of facts is insufficient to establish that he knowingly possessed the ammunition. We disagree.

Possession of ammunition in violation of 18 U.S.C. § 922(g)(1) may be actual or constructive. Constructive possession "exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object." *United States v. Gilbert*, 391 F.3d 882, 886 (7th Cir. 2004) (quoting *United States v. Garrett*, 903 F.2d 1105, 1110 (7th Cir. 1990)). Constructive possession may, of course, be proved by either direct or circumstantial evidence. *Gilbert*, 391 F.3d at 886.

The traditional standard of review of the district court's finding of possession is extremely deferential. Brannon must show that "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Stevens*, 453 F.3d 963, 965 (7th Cir. 2006) (citations omitted).

As a preliminary matter, Brannon argues that because he was convicted at a bench trial based solely on undisputed, stipulated facts, which raise no issue of witness credibility, we should review the district court's finding of the ultimate fact of possession *de novo*. But in the cases he cites for this proposition there was *no* fact in dispute, so only questions of law were involved. Here, there was a fact

dispute over whether Brannon possessed ammunition, and no legal dispute over the meaning of possession. Moreover, Brannon's premise—that the absence of credibility issues obviates the need for traditional review—is wrong. As the Supreme Court has advised (albeit in the context of civil cases):

> The rationale for deference to the original finder of fact is not limited to the superiority of the trial judge's position to make determinations of credibility. The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise. Duplication of the trial judge's efforts in the court of appeals would very likely contribute only negligibly to the accuracy of fact determination at a huge cost in diversion of judicial resources.

*Anderson v. City of Bessemer City*, 470 U.S. 564, 574–75 (1985).

Brannon's primary argument is that his occupancy of the home alone is insufficient to establish constructive possession. But the case law refutes this contention. *United States v. Kitchen*, 57 F.3d 516, 521 (7th Cir. 1995) ("Constructive possession can be established by showing that the firearm was seized at the defendant's residence.") (citation omitted); *United States v. Alanis*, 265 F.3d 576, 592 (7th Cir. 2001) (same). In *Kitchen*, a gun was found in the bedroom of a house that the defendant identified as his address and where he frequently stayed overnight, received phone calls, and kept many belongings. *Kitchen*, 57 F.3d at 520–21. The court found that the jury was entitled to conclude that Kitchen resided in the home, and that this alone was sufficient to establish his constructive possession of the handguns found there. Similarly, in *Alanis*, the court ruled that the presence of a pistol in the defendant's bedroom was sufficient evidence upon which a jury could infer constructive possession, even where the defendant disclaimed knowing about the gun. *Alanis*, 265 F.3d at 591–92. Here, the stipulated facts establish that Brannon resided in the home where the ammunition was found. Thus, his argument is unavailing.

Brannon makes a related argument that none of the places where the officers found the ammunition is specifically connected to him, and two of the three locations are linked to his wife and uncle who also lived in the home. This is incorrect. The stipulation does specifically link Brannon to the dresser drawer, where the officers found the utility contract with his name on it. In any event, constructive possession need not be exclusive. *Kitchen*, 57 F.3d at 521 (citing *Garrett*, 903 F.2d at 1110). For example, in *Alanis*, the court concluded that Alanis's wife's ownership of the gun did not preclude his possession of it because there was sufficient evidence that Alanis shared the bedroom with his wife and

that the gun was found in a nightstand next to their bed. *Alanis*, 265 F.3d at 592. Similarly, in this case the stipulated facts establish that ammunition was seized from a dresser drawer in the master bedroom, which contained both Brannon's utility contract and his wife's credit card and expired driver's licenses. Brannon does not contend that the bedroom or dresser were not his; rather, he argues that some of the items in the drawer link the ammunition to his wife. But under the theory of joint possession this does not preclude his constructive possession of the ammunition: "When a gun is found in a defendant's bedroom, as here, it would not be improper for the jury to 'infer that [the defendant] had both knowledge of the firearm and an intent to exercise dominion and control over it merely from its presence in the bedroom that [he]...shared with [his wife].'" *Alanis*, 265 F.3d at 592 (quoting *United States v. Walls*, 225 F.3d 858, 864 (7th Cir. 2000)).

It may be true that Brannon's connection to the ammunition found above a ceiling tile in the basement is more attenuated than his connection to that found in his bedroom. But Brannon does not contend that he had to constructively possess the ammunition found in the basement for the conviction to stand. Furthermore, as we said, a trier of fact could infer constructive possession of the ammunition found in the basement based solely on the fact that Brannon lived in the house. *Kitchen*, 57 F.3d at 521 (the fact that others had access to the firearm does not negate the inference that the defendant had access as well). Brannon does not even attempt to argue that he has no connection to the ammunition found in the third location—a closet on the main floor of the home.

Moreover, the cases Brannon cites in support of his position are factually distinguishable. For example, he cites several drug and firearms possession cases, but all of them involved seizures from a home in which the defendant did not reside. *See United States v. Harris*, 230 F.3d 1054, 1057 (7th Cir. 2000); *United States v. Windom*, 19 F.3d 1190, 1200–01 (7th Cir. 1994); *United States v. Herrera*, 757 F.2d 144, 150 (7th Cir. 1985). Brannon also relies heavily on two drug possession cases from 1975 and 1958: *United States v. DiNovo*, 523 F.2d 197 (7th Cir. 1975), and *United States v. Landry*, 257 F.2d 425 (7th Cir. 1958). But neither is a § 922(g) case, and, as discussed above, it is well-established that a defendant's residency in the home where the firearms or ammunition are found constitutes sufficient evidence of constructive possession in the § 922(g) context. Brannon does not attempt to distinguish or limit these cases.

Finally, Brannon contends that the district court was required to credit his statement that he had forgotten about the ammunition. But the presence of the ammunition in three locations in his residence, including his bedroom dresser drawer, provided the district court with a rational basis to disbelieve Brannon's claimed forgetfulness. *See Stevens*, 453 F.3d at 965.

For these reasons, the judgment of the district court is AFFIRMED.