NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 4, 2007[*]
Decided April 4, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 06-3905

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin |
| v. | No. 06-CR-33 |
| CLARENCE A. ELLIS III, *Defendant-Appellant*. | Lynn Adelman, *Judge.* |

## O R D E R

Clarence Ellis pleaded guilty to possession of ammunition by a felon, which ordinarily carries a maximum penalty of ten years' imprisonment. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). Ellis, though, had prior convictions for robbery, arson, aggravated battery, burglary, and escape, so the probation officer recommended that he be sentenced under the Armed Career Criminal Act ("ACCA"), which mandates a minimum of 15 years' imprisonment if a conviction under § 922(g) follows three prior convictions for a violent felony or serious drug offense. *See* 18

---

[*]The parties have waived oral argument in this case, and thus the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(f).

U.S.C. § 924(e). Ellis objected that the district court could not apply the enhancement unless he admitted the prior convictions or the government proved them to a jury beyond a reasonable doubt, but the district court rejected his argument and sentenced him to 15 years.

On appeal Ellis insists that it is error to apply the ACCA based upon prior convictions that have not been admitted by him or proved to a jury beyond a reasonable doubt. But the ACCA is an enhancement provision, *Taylor v. United States*, 495 US. 575 (1990), and Ellis does not dispute that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), holds that prior convictions used to trigger a sentence enhancement do not have to be admitted by the defendant or proved beyond a reasonable doubt. Ellis contends, however, that in light of the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Booker,* 543 U.S. 220 (2005); and *Shepard v. United States*, 544 U.S. 13 (2005), *Almendarez-Torres* is vulnerable to being overruled and therefore the ACCA must be reinterpreted to avoid "serious Fifth and Sixth Amendment questions."

We are not free to undertake that endeavor. In *Apprendi* the Supreme Court held that generally "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," but at the same time the Court excepted from its holding the "fact of a prior conviction." 530 U.S. at 490. The Court's cases since *Apprendi* have not changed that holding, and indeed the Court has acknowledged the continuing viability of *Almendarez-Torres* as applicable to the ACCA. *See Shepard*, 544 U.S. at 24-26. We are bound by those decisions. *United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006).

AFFIRMED.