**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 4, 2008
Decided December 5, 2008

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1096

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 CR 780-1 |
| ANTHONY JENKINS, *Defendant-Appellant.* | James B. Moran, *Judge.* |

**O R D E R**

Many New Year's Eve revelers in Joliet, Illinois, celebrated the arrival of 2006 by shooting their guns into the air. Around midnight police on patrol saw Anthony Jenkins standing outside holding a gun. When they called out to him, he ran into his girlfriend's home but lost his prosthetic leg just outside the door. Officers found him inside, missing his prosthesis, and recovered a gun from a laundry closet. Jenkins's first trial resulted in a mistrial, but at his second jury trial he was convicted of possession of a firearm by a felon. *See* 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal to a term of

imprisonment of 188 months, at the bottom of the guidelines range. *See id.* § 924(e)(1). Jenkins filed a notice of appeal, but his appointed lawyer moves to withdraw because he is unable to discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Jenkins sent us a letter expressing surprise at counsel's motion but did not accept our invitation to comment on the submission. We limit our review to the potential issues counsel identifies. *United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first considers whether Jenkins could assert a Commerce Clause challenge to § 922(g). The statute's constitutionality, however, is well established. *See Scarborough v. United States*, 431 U.S. 563 (1977); *United States v. Williams*, 410 F.3d 397, 400 (7th Cir. 2005).

Next counsel addresses whether Jenkins could challenge the sufficiency of the evidence supporting his conviction. But two police officers testified that they had known Jenkins for years and saw him holding a gun. Officers also testified that they saw a man with a gun who lost his prosthetic leg while running toward a house, and that they found Jenkins, missing his prosthesis, inside. *See United States v. Rice*, 520 F.3d 811, 819 (7th Cir. 2008). Jenkins stipulated that he was a felon, and evidence that the gun was manufactured outside of Illinois established a nexus to interstate commerce. *See United States v. Humphreys*, 468 F.3d 1051, 1053-54 (7th Cir. 2006). On these facts, an argument that a rational jury could not have found Jenkins guilty would be frivolous.

Finally, counsel considers whether Jenkins could challenge his prison sentence. Jenkins did not object to the prior convictions recounted in his presentence report, and the sentencing judge rightly rejected his contention that a jury instead of the court should decide whether three of those convictions qualified as serious drug offenses or violent felonies under § 924(e)(1). *See Almendarez-Torres v. United States*, 523 U.S. 224 (1998); *United States v. Smith*, 544 F.3d 781, 787 (7th Cir. 2008); *United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006). Jenkins faced a statutory minimum of 15 years, and it would be frivolous for him to argue that the 188-month term he received is unreasonable. That sentence was at the low end of the properly calculated guidelines range, so it is presumed reasonable. *See Rita v. United States*, 127 S. Ct. 2456, 2462-64 (2007); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). And as counsel concedes, the district court adequately considered the factors in 18 U.S.C. § 3553(a). *See United States v. Panaigua-Verdugo*, 537 F.3d 722, 727-28 (7th Cir. 2008).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.