NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued June 9, 2009
Decided August 11, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*[*]

No. 07-3775

WILLIAM C. GRAY,
    *Petitioner-Appellant*,

    *v.*

UNITED STATES OF AMERICA,
    *Respondent-Appellee*.

Appeal from the United States District Court
for the Southern District of Indiana,
Indianapolis Division.

No. 06 C 1840

Larry J. McKinney,
    *Judge*.

## O R D E R

William C. Gray, who is serving a life sentence for conspiracy to distribute methamphetamine, filed a motion under 28 U.S.C. § 2255 alleging various constitutional errors in his trial and sentencing.  The district court denied the motion, and, on appeal, Gray attacks the district court's resolution of two procedural issues.  Gray argues that the district

---

[*] Circuit Judge John Daniel Tinder recused himself after oral argument and has not participated in deciding this appeal.  This decision is being issued by a quorum of the panel. *See* 28 U.S.C. § 46(d).

court abused its discretion by ignoring his request for counsel and denying his motion for a stay to conduct discovery. Because neither counsel nor a stay could have materially affected Gray's claims for relief under § 2255, any procedural error was harmless. We now affirm.

Gray and fifteen other members of the Diablos Motorcycle Club were charged with conspiring to distribute methamphetamine. *See* 21 U.S.C. §§ 841(a)(1) and 846. According to the government, Gray and Samuel Hargrove would acquire the drug in California, conceal it, and ship it to Indiana. *United States v. Gray*, 410 F.3d 338 (7th Cir. 2005). At trial, Hargrove testified about Gray's role in the conspiracy. Mike Kollar and John Durnin, two other members of the conspiracy, also testified against Gray, confirming Hargrove's explanation of Gray's role in transporting methamphetamine from California to Indiana.

Gray was convicted and, because he had two prior felony drug convictions, sentenced to life in prison. *Gray*, 410 F.3d at 347. Gray and a number of other defendants appealed, and we affirmed on all grounds as to Gray. *Id.*

Gray then filed a timely motion to vacate his conviction, *see* 28 U.S.C. § 2255, alleging, as relevant here, three grounds for relief. First, he claimed that his trial counsel was ineffective because even after Gray informed him that Hargrove had a history of mental illness and pathological lying, counsel did not investigate this claim. Gray argued that if his attorney had properly investigated, he could have obtained Hargrove's medical records and used them to exclude his testimony at trial. Second, Gray contended that the prosecution violated his right to due process when the prosecutor knowingly offered perjured testimony by Kollar and Durnin. Finally, he argued that it was a constitutional error for the judge, rather than a jury, to find that he had two prior felony convictions, and thus qualified for a life sentence.

At the same time that he filed his motion to vacate, Gray also filed a motion asking for a temporary stay. Gray argued that he needed time to obtain evidence that his prior drug convictions were not felonies, and that he was in the process of ordering transcripts from the California courts. The district court did not explicitly rule on the request for a stay, instead ordering the government to respond to the motion to vacate. The government asked for an extension of time, and the district court granted it an additional two months to file its brief. Gray again requested that the district court grant him a stay so he could obtain the transcripts. This time the court denied that motion, stating that "the prompt development of this action is in the interests of both the United States and the defendant." The court further instructed Gray that if, after the government responded, he still needed more time to obtain evidence, he should seek "an extension of time for the specific purpose required for that effort."

The government filed its response to Gray's § 2255 motion. Gray, in turn, asked the court to recruit counsel so he could obtain Hargrove's medical records. He also further developed his sentencing claim, arguing that appellate counsel's defective performance was to blame for his failure to pursue relief on direct review. Additionally, Gray submitted the transcript of a plea hearing from one of his California convictions which, he said, showed that the crime would not have been a felony under federal law and thus should not have been used to sentence him to life.

Gray also filed an affidavit attesting, first, that he had informed his attorney that Hargrove was a pathological liar with a long history of mental illness—including a 1990 mental hospital stay under his brother's name—and that Gray had asked his attorney to have Hargrove's testimony excluded at trial on this basis. Gray also swore that after he was sentenced he was transported back to prison with Durnin, who told him that Hargrove had pressured Durnin and Kollar into testifying against Gray, and, given the opportunity, Kollar and Durnin would recant their testimony regarding Gray's involvement.

The district court did not rule on the request for counsel. Instead, it denied Gray's § 2255 motion on the merits. As to his ineffective-assistance claim, the court held that "he has not demonstrated how any of these supposed instances of deficient performance, including counsel's examination of any witness[,] resulted in prejudice." As to the claim that the prosecution knowingly used perjured testimony, the court rejected that claim because Gray had not shown any material falsehood or that the government knew of that falsehood. Finally, the court rejected Gray's sentencing claim because, under *United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006), the district court had the power to make findings concerning Gray's criminal record.

Gray filed a notice of appeal, and we granted a certificate of appealability. *Gray v. United States*, No. 07-3775 (7th Cir. Mar. 24, 2008). The certificate was limited to whether Gray was denied effective assistance of counsel and whether the prosecutor knowingly presented perjured testimony. The parties were also instructed to address whether the district court erred in denying Gray a stay or by not recruiting counsel to assist Gray.

On appeal, rather than arguing the merits of his case, Gray focuses on the two procedural issues. He argues first that the district court should have appointed counsel to help him discover Hargrove's mental health records and obtain affidavits from Durnin and Kollar. Second, he argues that the district court erred in refusing to grant Gray a stay to obtain his records. The merits are dispositive of the procedural issues: even if the court had appointed counsel and granted the stay, and even if with counsel's assistance Gray obtained evidence supporting his factual allegations, he still would not have been entitled to relief under § 2255.

Regarding the motion for appointment of counsel, Gray must show that he would have had a reasonable chance of succeeding on his claims if counsel had been appointed. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). And as to the stay, Gray must show that the district court's failure to grant the extension prejudiced him. *See Griffin v. Foley*, 542 F.3d 209, 217 (7th Cir. 2008).

The first question is whether Gray's trial counsel was ineffective for failing to investigate Hargrove's mental health. We recently stated that the inquiry is not whether counsel's performance was error-free, but rather whether counsel was effective overall. *Williams v. Lemmon*, 557 F.3d 534, 541 (7th Cir. 2009). Gray must show that his trial counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

Gray contends that his attorney should have investigated Hargrove's history of mental illness. Even accepting that Hargrove was a pathological liar with a history of mental illness who had been treated in a mental hospital around 1990, Gray's attorney was not ineffective for failing to investigate this claim. Evidence about Hargrove's mental health almost certainly would not have resulted in his exclusion from trial because there is no evidence that Hargrove was displaying signs of mental illness at the time he testified. *See United States v. Zizzo*, 120 F.3d 1338, 1347 (7th Cir. 1997).

Instead, the evidence would have been used to impeach Hargrove. And the jury heard no shortage of impeachment evidence against Hargrove. The various defense attorneys questioned him about his plea bargain, his criminal record (which was extensive), inconsistencies between his grand jury testimony and his trial testimony, and even the fact that he had fraudulently used his brother's name to check into a hospital (although whether it was a mental hospital was not addressed). The jury had plenty of reasons to doubt Hargrove's credibility, and one more reason was unlikely to sway the outcome. *See United States v. Womack*, 496 F.3d 791, 797 (7th Cir. 2007). Furthermore, Hargrove's testimony was corroborated by that of Durnin and Kollar. *See Eckstein v. Kingston*, 460 F.3d 844, 849 (7th Cir. 2006) ("It would have been pointless for counsel to harp on Graham's mental problems when her testimony was entirely corroborated."). So Gray's counsel could have reasonably determined that his time was better spent exploring other issues. In any event, Gray cannot show he was prejudiced by not having the jury hear about Hargrove's mental problems.

Gray also argues that his due-process rights were violated because, he said, the prosecutor knowingly used perjured testimony from Kollar and Durnin. The government's use of perjured testimony violates due process only if the government knew the testimony was false. *See United States v. Burke*, 425 F.3d 400, 412 (7th Cir. 2005).

Here, Gray has not offered evidence that the government knew Kollar and Durnin lied. Taking his sworn statement as true, Durnin told him "they both had been pressured by Hargrove to lie so that all three of them would get a reduced sentence." Even if the testimony by Kollar and Durnin was false, Gray does not claim that Durnin said the prosecution was involved; the supposed pressure to lie came from Hargrove. Gray's § 2255 motion claims that the government knew the testimony was false, but Gray has no personal knowledge of this, and it is not in Durnin's statement to Gray. An evidentiary hearing is unnecessary where the petitioner's allegations are conclusory, or where they would not establish a constitutional violation even if proven. *See Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006). Gray offers no reason to believe the prosecution knowingly offered perjured testimony. Thus, the court properly rejected his claim without further discovery.

Because Gray's allegations of ineffective assistance and prosecutorial misconduct do not warrant relief, the district court's failure to recruit counsel to represent Gray during the § 2255 proceeding cannot be reversible error–any error was harmless. This court will reverse a decision not to recruit counsel only if the prisoner would have had a reasonable chance of winning with counsel, a condition not met here. *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007); *Winsett*, 130 F.3d at 281.

That said, it is somewhat troubling that the district court did not analyze Gray's request for counsel at all. Instead, it implicitly denied the request when it ruled on the merits of Gray's claims and rejected them. A district court necessarily abuses its discretion when it fails to undertake any analysis of a prisoner's request to appoint counsel. *Pruitt*, 503 F.3d at 660 ("The court's failure to undertake this necessary inquiry is an abuse of discretion."). But abuse alone is insufficient for a remand; prejudice is also necessary. *Id.* at 659 ("Even if a district court's denial amounts to abuse of discretion, we will reverse only on a showing of prejudice.").

The second procedural issue—whether the district court should have stayed the § 2255 proceedings—relates to Gray's sentencing claims. The certificate of appealability does not include the sentencing claim and Gray's attorney does not press the argument. But again Gray's underlying argument for relief is meritless, and any abuse of discretion in denying Gray's request for a stay was therefore harmless.

Gray argued before the district court that the sentencing court violated the Sixth Amendment when it, rather than the jury, found that he had prior convictions. But it is well established that a judge may find a defendant's prior criminal convictions. *See United States v. Stevens*, 453 F.3d 963, 967 (7th Cir. 2006) ("Unless or until the Supreme Court overrules *Almendarez-Torres*, 'the district court does not violate a defendant's Sixth Amendment right to

a jury trial by making findings as to his criminal record that expose him to greater criminal penalties.'") (internal citation omitted).

Gray argues further that his due-process right to be sentenced on the basis of accurate information was violated because, he says, his prior state felony convictions would not have been felonies under federal law. Although defendants have a due-process right not to be sentenced based on inaccurate information, *see United States v. Clanton*, 538 F.3d 652, 655 (7th Cir. 2008), that did not happen here. Gray believes that a state drug felony is an appropriate basis for enhancing his sentence under 21 U.S.C. § 841(b)(1)(A) only if the conduct would be punishable under the Controlled Substances Act as a felony. *See Lopez v. Gonzales*, 127 S.Ct. 625, 631 (2006). He cites *United States v. Estrada-Mendoza*, 475 F.3d 258, 261 (5th Cir. 2007), where the Fifth Circuit held that "*Lopez* ineluctably applies with equal force to immigration and criminal cases" to support this notion. But the Supreme Court has held that an offense that is punishable by more than one year of imprisonment under state or federal law is a felony for purposes of § 841(b)(1)(A). *See Burgess v. United States*, 128 S.Ct 1572, 1577 (2008). Gray does not dispute that his prior drug convictions were punishable by more than one year of imprisonment under California law. Thus his claim is meritless. Even if Gray had received an extension to obtain his California transcripts, they would not have altered the outcome of his case.

Gray cannot prevail on the merits of his claims. Thus, any procedural error was harmless. Accordingly, we **AFFIRM** the judgment of the district court.