**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 27, 2010
Decided October 15, 2010

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-2139

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *Plaintiff-Appellee*, | |
| *v.* | No. 3:09-cr-00124-bbc-1 |
| CARLOS LEWIS, | Barbara B. Crabb, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Carlos Lewis was convicted by a jury of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He appeals, claiming both a violation of the Speedy Trial Act, 18 U.S.C. § 3161, et seq., and that the evidence was insufficient to support his conviction.

The Speedy Trial Act violation claim is a non-starter because Lewis failed to move to dismiss the indictment prior to the start of his trial. So the issue, as far as our review is concerned, is waived. See *United States v. Broadnax*, 536 F.3d 695 (7th Cir. 2008). But even if Lewis had made the motion, and even if it would have been granted, he would have gained

nothing except more delay as the dismissal, in all likelihood, would have been without prejudice to the issuance of a new indictment. Why do we say that? Well, because even if some of the time between Lewis' indictment and the start of his trial should not have been excluded from the 70-day speedy trial clock as recently clarified by *Bloate v. United States*, 130 S.Ct. 1345 (2010), the "violation" here would have been minor and dismissal of the charges with prejudice would have been too drastic a remedy to impose for the violation. Lewis would have been indicted again and his trial would have kicked off a few months later.

Turning to the sufficiency of the evidence claim, we start by recalling the facts, as we are required to do at this stage of the case, in the light most favorable to the jury verdict. As so viewed, Lewis, who was a felon in August of 2009, got into a squabble with a Madison (Wisconsin) taxi driver over a fare. Things became heated when Lewis told the driver, in a threatening manner, "I have something for you." Alarmed, the cab driver hailed a nearby police officer at which point Lewis got out of the cab and started to walk away. The officer asked him to stop but Lewis took off running. The officer gave chase. Although he briefly lost sight of Lewis when he rounded a corner, as luck (bad luck, actually, for Lewis) would have it, an employee of an Einstein Bagels store close to the chase route was outside his store having a smoke. He noticed a man running around a corner and he saw him "chuck" something onto the roof of a building belonging to a concern called Dream Bikes. Immediately after seeing this, the watchful employee saw a police officer round the same corner chasing the man. The officer saw the man climb a fence. Lewis was subsequently arrested by officers while hiding under some bushes near the fence. Later, a loaded Glock .22 caliber pistol was recovered from the roof of the Dream Bikes building by one of the officers. The issue for the jury was simple: did Lewis, a felon, possess the gun recovered from the roof?

Prevailing on a sufficiency of the evidence claim is a tall order for any defendant, because he must show that after viewing the evidence in the light most favorable to the prosecution, no rational trier of fact could find guilt beyond a reasonable doubt. *United States v. Stevens*, 453 F.3d 963, 965 (7th Cir. 2006). To sustain a conviction under 18 U.S.C. § 922(g) possession of a firearm may be actual or constructive. *United States v. Hampton*, 585 F.3d 1033, 1040 (7th Cir. 2009). Actual possession exists when a person "knowingly maintains physical control over an object." *Stevens*, 453 F.3d at 965. Juries are entitled to use common sense in making reasonable inferences from circumstantial evidence, and circumstantial evidence is no less probative of guilt than direct evidence. *United States v. Starks*, 309 F.3d 1017, 1021 (7th Cir. 2002).

It's true that no witness testified to actually seeing Lewis with a gun. Nor was any fingerprint or DNA evidence offered to directly connect Lewis to a gun. But there was, we think, sufficient circumstantial evidence pointing to the conclusion that he did. First, he made what could be considered a verbal threat to the taxi driver. Second, he bolted when the officer asked him to stop. As a felon who could not legally possess a gun, disregarding the command

of the officer and running away supports the inference that he had something (a gun?) that he didn't want to be caught possessing. Add to this the heads-up observations of the chase by the Einstein Bagels employee, the recovery of the Glock on the roof of the Dream Bikes store where the employee saw Lewis "chuck" something while being pursued by an officer, and the discovery of Lewis hiding in some bushes at the end of the chase route. Putting this all together, we think the jury could have reasonably concluded that Lewis possessed the gun before he tossed it on the roof with an officer in hot pursuit.

For these reasons, the judgment of the district court is AFFIRMED.