**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 13-7953**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN LOPEZ,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.    Richard L. Voorhees, District Judge.  (5:06-cr-00041-RLV-DCK-14; 5:10-cv-00124-RLV)

―――――――――

Submitted:  April 22, 2014                    Decided:  April 30, 2014

―――――――――

Before AGEE and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Vacated and remanded by unpublished per curiam opinion.

―――――――――

Juan Lopez, Appellant Pro Se.  Thomas Richard Ascik, Assistant United States Attorney, Jill Westmoreland Rose, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina; Kevin Zolot, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Lopez seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012); see Slack v. McDaniel, 529 U.S. 473, 484 (2000) (discussing standard for obtaining certificate of appealability). Following careful review of the record, we grant a certificate of appealability on the issue of whether the district court erred in dismissing, without an evidentiary hearing, Lopez's claim that his trial counsel rendered ineffective assistance by failing to initiate plea negotiations after Lopez directed him to do so.

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b). Lopez contends that the district court erred by crediting trial counsel's affidavit over his claims that counsel did not engage in plea negotiations after Lopez directed him to do so. We note that Lopez's and trial counsel's accounts of what occurred are starkly opposed. We also note that Lopez's § 2255 motion was not in conformity with the requirements of Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, which requires that a § 2255 motion "be signed under penalty of

2

perjury by the movant or by a person authorized to sign it for the movant."  The commentary to the Rules indicates that the appropriate remedy for a violation is to allow the movant to bring his motion into conformity with the rules rather than dismissing the motion outright.  See Kafo v. United States, 467 F.3d 1063, 1069-71 (7th Cir. 2006) (remanding to allow movant to conform motion to rules).

The district court did not give Lopez the opportunity to bring his § 2255 motion into conformity with the rules, instead relying on trial counsel's affidavit to reject Lopez's claim on the merits.  The Supreme Court has recently recognized the right to "effective counsel during plea negotiations." Missouri v. Frye, 132 S. Ct. 1399, 1407-08 (2012); see Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012) (same).  While there is no constitutional right to a plea agreement, see Weatherford v. Bursey, 429 U.S. 545, 561 (1977), and the decision to initiate plea negotiations is ordinarily a strategic decision within the purview of defense counsel, Hawkman v. Parratt, 661 F.2d 1161, 1171 (8th Cir. 1981), counsel is still required to be a "reasonably effective advocate" regarding the decision to seek a plea bargain.  Brown v. Doe, 2 F.3d 1236, 1246 (2d Cir. 1993). Here, the evidence adduced at trial was so overwhelming that, if Lopez's contention that he not only sought to enter a guilty plea but also directed counsel to negotiate with the Government

3

is credited, a debatable question arises regarding the effectiveness of trial counsel's assistance.

Accordingly, we grant a certificate of appealability on Lopez's claim that his trial counsel was ineffective for failing to initiate plea negotiations with the Government after Lopez directed him to do so, vacate the district court's order, and remand for further proceedings consistent with this opinion.[*] We deny a certificate of appealability as to all remaining issues. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] By this disposition, we express no view as to either the veracity of Lopez's version of events or the proper disposition of this claim, leaving those determinations in the first instance to the district court.

4